HADSELL v. VAN BUREN COUNTY TELEPHONE CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — CLAIM NOT SEASONABLY MADE.

Where an injury to an employee's back as the result of an accidental injury received by him in the course of his employment developed within six months after the accident, but he made no claim for compensation therefor until eight months thereafter, said claim was not seasonably made under the provisions of the workmen's compensation act (Comp. Laws Supp. 1922, § 5445).[1]

Certiorari to Department of Labor and Industry. Submitted June 5, 1924. (Docket No. 61.) Decided October 1, 1925.

Levi D. Hadsell presented his claim for compensation against the Van Buren County Telephone Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Fidelity & Casualty Company of New York, insurer, bring certiorari. Reversed.

[1]Workmen's Compensation Acts, C. J. § 103.
On time of giving notice of injury and filing claim for compensation under compensation acts, see notes in L. R. A. 1916A, 83, 244; L. R. A. 1917D, 135; L. R. A. 1918E, 556.

*William Greene,* for appellants. .

*T. J. Cavanaugh,* for appellee.

McDONALD, C. J.    The defendants ask review by certiorari of an order of the industrial accident commission awarding compensation to the plaintiff for wages and medical expenses.    Levi D. Hadsell was injured on August 9, 1923, while in the employ of the Van Buren County Telephone Company of South Haven, Michigan.    His injuries were thought to be slight and on the 13th of August, 1923, he resumed his employment and continued thereat until November 28, 1923.    From that time until July 1, 1924, he was totally disabled, because of sciatica, which he claims is traceable to the injury he received in the accident.    On August 22, 1923, the Van Buren County Telephone Company reported the accident as noncompensable, giving the nature and cause as a knee sprain received in an automobile collision.    On April 5, 1924, it reported a compensable accident, in which the nature and extent of the injury were stated as follows:

"Sprained knee. . Was off duty until August 13, 1923, when he reported for work.    About November 30, 1923, he became sick, apparently with sciatic rheumatism and took treatment several weeks (off duty).    After a number of months the doctor now says the accident is the cause of the present disability. This new phase has been reported to the insurance company."

On April 12, 1924, plaintiff gave notice to the Van Buren County Telephone Company of claim for compensation in which he stated the nature of the injury as "a misplacement in the back." A denial of liability on the ground that "the injured did not receive the injury or back condition of which he claims as result of the accident occurring on August 9th of last year," was filed with the commission.    The plain-

tiff thereupon made application for adjustment of his claim. The subsequent proceedings resulted in an order by the commission awarding compensation at the rate of $14 per week for total disability from February 1, 1924, to July 1, 1924, amounting to $294, and medical expenses amounting to $98.

The defendants say that there is error in this award and assign as the principal reason therefor that the claim for compensation was not made within six months from the time of the accident as required by section 15 of part 2 of the workmen's compensation act (Comp. Laws Supp. 1922, § 5445).

There is a proviso to this section of the statute which reads as follows:

"*Provided, however,* That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same, within three months after happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee." * * *

The claim for compensation was not filed until April 12, 1924, eight months after the accident. It is the defendants' contention that the actual injury developed and made itself apparent within the six months' period following the accident and that the plaintiff's claim should have been filed during that time. The six-month period elapsed on the 9th day of February, 1924. The plaintiff contends that the actual injury did not develop and make itself apparent until the latter part of March, 1924, and that he had three months from that time in which to make his claim for compensation. The commission found that

the actual injury did not develop and make itself apparent until after six months from the time of the accident, and that therefore the claim for compensation was seasonably made.    The question is whether there is any evidence to support such a finding.

The plaintiff was injured in an automobile accident on the 9th of August, 1923.    He testified that the doctor treated his knee and though his back hurt some he resumed work after three days.    His back kept getting worse.    He says that the pain ran through his hips and legs, that though he continued to work for three months, he "was in awful misery all along," and that by November 28, 1923, it had become so painful that he was forced to cease working.    The doctor diagnosed his trouble as "sciatica."    But he did not respond to any treatment and was advised to have an X-ray taken.    This was done on the 2d of February, 1924.    The picture showed a condition that led the doctors to believe that his sciatica was caused by the injuries received in the accident.    So that by the 2d day of February, 1924, the actual injury had fully developed and was apparent to the injured.    He testified:

"*Q*. When did you first learn that your back was injured?

"*A*. Why—injured?    I knew when I had the X-ray. I knew my back hurt me, but I didn't know what was the matter.

"*Q*. And about when was that X-ray?

"*A*. The 2d of February.    *    *    *

"*Q*. Previous to the time you saw the X-ray picture you had no idea at all as to what the back condition might have come from?

"*A*. No, I didn't know, of course, until that showed up.

"*Q*. But since you saw the picture you were sure then that it came from your accident on August 9th.

"*A*. That was the only accident I had had."

We have quoted all of the testimony to be found

in the record on this question.   It shows that the actual injury developed and made itself apparent to the plaintiff during the six-month period immediately following the accident.   In view of this undisputed fact, and it further appearing that the plaintiff was not prevented from filing his claim by reason of physical or mental incapacity, and that the employer filed a report with the commission as required by the provisions of the statute, it must be held that the claim for compensation was not seasonably made, because it was not filed within six months following the accident.   We find no evidence in the record to support the conclusion of the commission.

In this view of the case it is not necessary to discuss other questions argued in the briefs.

The award is reversed, with costs to the defendants.

CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.   MOORE, J., did not sit.