FRANK FRANKO, RESPONDENT, v. OHIO CHEMICAL COMPANY, PROSECUTOR.

Submitted October term, 1929—Decided May 10, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Collins & Corbin.*

For the respondent, *Samuel Greenstone.*

PER CURIAM.

This is a workmen's compensation case and the question presented for decision is whether the one-year limitation as provided in *Pamph. L.* 1924, *ch.* 187, § 6, is available to the employer. The petitioner, employed by the Ohio Chemical Company, was operating one of its retorts, and while so working on January 7th, 1926, received an injury to the eye by a blast of the gasses from the retort. The claim was not presented for judicial determination for a period of fourteen months after the occurrence, and if this were the whole situation the petitioner would be debarred from recovery by virtue of paragraph 23 of the Workmen's Compensation act of 1911, page 144 (as amended in 1919, at page 211), which provides

that all claims for compensation shall be barred unless a petition is filed within one year after the date on which the accident occurred. In 1924, however, the legislature passed an amendment to the act requiring employers to make report of accidents to the department of labor. Section 6 of the act provides that "any employer * * * failing to make report as required by this act, shall in such instance be deprived of the defense provided in paragraph 23 (h) of the Workmen's Compensation act, approved April 4th, 1911, as chapter 95 as amended by chapter 93, laws 1919. In any such case it shall be incumbent upon the employe or dependent to show that the employer had knowledge of the accident and resulting permanent injury or disability extending beyond the waiting period."

In the present case no such report was made. It is contended, however, by the prosecutor that the burden imposed by this section of the act on the employe "to show that the employer had knowledge of the accident and resulting permanent injury or disability extending beyond the waiting period" was not met. The commissioner found that it was, and this finding was affirmed by the Court of Common Pleas of Hudson county, and with this conclusion we agree.

The facts fairly inferable from the proofs were that the petitioner had been employed for approximately four years as an operator of a machine known as a retort. On the date of the accident, one of the machines overheating, it became necessary to open a safety valve in order to avoid an explosion. On opening the valve some of the gas contained in the machine blew out, striking him in the face and upper part of the body. He went at once to a sink nearby and washed his face, head and eyes with cold water. After doing this he resumed his work and continued to the end of the day. He worked for the next two days, being Friday and Saturday. On Saturday night he went to a physician and received treatment for his eyes, and on the following Monday his wife telephoned to the respondent's factory to advise that he had been hurt and was under the doctor's care. He remained at home a week and then returned to his work. On returning he reported to

Losche, the assistant superintendent of his employer, the injuries, and requested that safety elbows be put over the valves as he did not want anybody else to lose their eyes; that he had received the explosion of gas in the face and did not know how his own eyes were going to be; showed him the drops that had been prescribed as treatment for his injuries. Losche, the assistant superintendent, testified to receiving information from the petitioner as to his injury, but stated that the first information of any claim was in March, 1927.

The waiting period referred to in the section quoted is defined in the amendment of 1925, page 405, as follows:

"No compensation other than medical aid shall accrue and be payable until the employe has been disabled seven days, whether the days of disability immediately follow the accident, or whether they be consecutive or not. These days shall be termed the waiting period. The day that the employe is unable to continue at work by reason of his accident, whether it be the day of the accident or later, shall count as one whole day of the waiting period."

We think it fairly inferable from the evidence that the plaintiff's injuries were of such character as to come within the period defined as the waiting period, and that the employer was fairly apprised that the injuries were of such a character as to be then existing but such also as might continue. The information conveyed by the petitioner to his employer established the fact of notice of the injuries, and the fact that treatment was being given therefor within the knowledge of the employer, together with the information conveyed by the wife that the petitioner was unable to come to work, all combined to make a case which required the employer, if intending to avail itself of the statutory limitation within which a petition could be filed, to report the accident as required by the act of 1924, *supra.*

The judgment of the Court of Common Pleas will be affirmed, with costs.