MITFORD C. MASSIE, PROSECUTOR, v. COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF MONMOUTH, JOSEPH McDERMOTT, CLERK, AND FRANK L. LAMBERTSON, DEFENDANTS.

FRANK L. LAMBERTSON, PROSECUTOR, v. COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF MONMOUTH, JOSEPH McDERMOTT, CLERK, AND MITFORD C. MASSIE, DEFENDANTS.

Argued May 6, 1930—Decided July 16, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Mitford C. Massie* and *Arthur Lovell*.

For the prosecutor, *Frank L. Lambertson, Joseph C. Paul* and *John Grimshaw*.

PER CURIAM.

Frank L. Lambertson was employed as a farm laborer by Mitford C. Massie. On October 27th, 1926, while he was so occupied, he was injured while driving a tractor which struck a stone and unseated him. When he 'regained his seat he struck the iron pommel in such a way as to cause abrasions of the buttocks which resulted in painful abscesses.

The workmen's compensation bureau awarded compensation, but on appeal and cross-appeal to the Monmouth County

Court of Common Pleas the percentage of disability allowed for was increased and the award for hospital and medical bills was disallowed. Both employer and employe seek a review here.

Lambertson's petition for compensation was filed with the workmen's compensation bureau January 28th, 1929, more than two years after his injuries were received.

Section 23 (h) of the Workmen's Compensation act, as amended (*Pamph. L.* 1919, *p.* 214), provides as follows: "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the state house, in Trenton, within one year after the date on which the accident occurred."

At the hearing before the bureau, in the Common Pleas Court and here, this statute was urged as a bar to the action and there is no doubt that such would be the case (*Lusczy* v. *Seaboard By-Products Co.,* 101 *N. J. L.* 170) were it not for a subsequent legislative enactment. *Pamph. L.* 1924, *p.* 401, is as follows:

"1. Upon the happening of any accident or the occurrence of any compensable occupational disease in any employment of labor in this state, report thereof shall be made as follows:

"Any employer carrying insurance as required by chapter 178 of the laws of 1917, shall, etc." * * *

"2. Any employer not carrying compensation insurance shall make report of any accident or compensable occupational disease causing a disability extending beyond the waiting period prescribed by paragraph thirteen of the Workmen's Compensation act, or causing any permanent injury. *Such report shall be prepared and sent immediately upon the employer's having knowledge of the disability or injury* named above, and shall be made out in duplicate upon forms to be secured from the workmen's compensation bureau. One copy shall be mailed to the above bureau and one copy kept on file by the employer. Within three weeks after the acci-

dent, or the obtaining of knowledge of compensable occupational disease, the employer operating under section 2 of the Compensation act shall send to the workmen's compensation bureau a second report, containing a statement of wages and an agreement to care for the case according to the terms of the Compensation law." * * *

"6. * * * Any employer or insurance carrier failing to make report as required by this act, shall in such instance be deprived of the defense provided in paragraph 23 (h) of the Workmen's Compensation act, approved April fourth, one thousand nine hundred and eleven, as chapter 95 as amended by chapter 93, laws of 1919. In any such case it shall be incumbent upon the employe or dependent to show that the employer had knowledge of the accident and resulting permanent injury or disability extending beyond the waiting period."

This latter statute applies, first, to employers carrying insurance in accordance with the Workmen's Compensation Insurance act. *Pamph. L.* 1917, *p.* 522. That act expressly does not apply to farmers. Secondly, the act applies to all employers not carrying insurance. They are required to make reports of accidents causing a disability beyond the waiting period of ten days prescribed under the Workmen's Compensation act. *Pamph. L.* 1919, *p.* 208. Since farmers are not exempt from the liabilities imposed by the Workmen's Compensation act (*McGlynn* v. *Ellis,* 99 *N. J. L.* 283), they are not excused from the making of reports as required by *Pamph. L.* 1924, *p.* 401, if they are to save to themselves the defense of section 23 (h) of the Compensation law.

Massie had knowledge of the accident on December 2d, 1926. This was nearly forty days after the accident and it is said that he could not then comply with the reporting act since the second report must be made three weeks after the accident, and since the first notice of the accident was more than two weeks after the second report, due compliance with the statute was impossible, and hence Massie was under no obligation in the premises. The legislative intent is very clearly expressed. It requires a report upon obtaining knowl-

edge of the accident and a second report three weeks after the accident, or the obtaining of knowledge of compensable occupational disease. Certainly, the legislature did not require the employer to report that which he did not have knowledge of. Of course, knowledge of an accident is often immediate, but this is not always so. In the case of occupational disease, knowledge is not immediate. The words in the statute are not to be used in such a way as to defeat the legislative purpose. The legislature intended to place in one bureau all the data as to injuries sustained in cases where the employer does not carry compensation insurance. It is not every accident which must be reported, but only those accidents resulting in a disability extending beyond the waiting period. When the employer gains knowledge of such accident it is his duty to report if he would plead limitation. *Franko* v. *Ohio Chemical Co.*, 150 *Atl. Rep.* 221.

The Accident Reporting act like the Workmen's Compensation act, is a remedial law of prime importance and should be liberally construed. *Jersey City* v. *Borst*, 90 *N. J. L.* 454; *Combination Rubber Co.* v. *Obser*, 95 *Id.* 43; *affirmed*, 96 *Id.* 544; *Fischer* v. *Tidewater Oil Co.*, 96 *Id.* 103; *affirmed*, 97 *Id.* 324.

The proofs that the employer had knowledge of the accident in early December of 1926, satisfied the bureau and the court below. There is no dispute that the injured employe returned to the farm the latter part of October and informed the foreman and the employer's wife of the accident and of his injury. Later, while in the hospital, he sent for the foreman and told him just how the injuries occurred. There is no concealment on his part. Naturally, he assumed at first that his injury was slight, but he grew progressively worse. Hence, he did the best he could and early in December gave formal notice of the occurrence.

We think that the proofs sustain the court below in saying that if notice of the accident was not given within the thirty days that there was reasonable cause and excuse for not so giving it. The proofs do show that the employe did every-

thing he could, and that the delay was due to the very nature of the injury.

There is no doubt that the evidence does show that the injuries arose out of and in the course of the employment. Such was the finding of the commission and of the court below.

The increase of the award by the Court of Common Pleas was justified by the evidence adduced. One physician testified to a ten per cent. disability; two others to a twenty-five per cent. disability. The testimony of both is credible and predicated upon a careful examination of the injured man. An award for a fifteen per cent. disability is within the bounds of a wise discretion.

The Accident Reporting act of 1924 is entitled: "An act requiring reports of accidents, reports of compensable occupational diseases, and compensation agreements to be made to the workmen's compensation bureau and to insurance carriers."

It is urged that the title is insufficient. The rule is settled in this state that the title of an act is a label and not an index. We do not think the Accident Reporting act is supplemental to or an amendment of the Workmen's Compensation act. It is an act to require reports of accidents and casting certain burdens upon those who fail to comply with it. It is not an act like the one under review in *Bryant* v. *Lindsay,* 94 *N. J. L.* 357; 96 *Id.* 268.

Clearly, there was no basis for the allowance for medical expenses and hospital bills. Hence, the disallowance of these items by the court below was proper. That court said: "There was a time when the employer, through the foreman, was chargeable with knowledge that the employe was home sick in bed and in considerable pain. Although the foreman knew of the injury and the employer was told, nevertheless, the extent of the injury became known only gradually, and I do not see how the employer could have been charged with knowledge that the medical treatment taken could, or did, become necessary, and so we cannot say that the employer neglected to provide it."

The judgment below will be affirmed.