BEER *v.* BRUNSWICK LUMBER CO.

1. MASTER AND SERVANT—EMPLOYER'S FAILURE TO REPORT ACCIDENT PREVENTS RUNNING OF STATUTE OF LIMITATIONS.

   Employer's neglect to report accident to department of labor and industry would prevent running of statute of limitations and excuse employee's delay in claiming compensation (2 Comp. Laws 1929, § 8431).

---

On commission's findings in compensation case, supported by evidence, see annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186.

2. SAME—PROVINCE OF DEPARTMENT TO WEIGH EVIDENCE AND DRAW LEGITIMATE INFERENCES.

In proceedings under workmen's compensation act, it is province of department of labor and industry to draw legitimate inferences and weigh probabilities on questions of fact.

3. SAME—SUPREME COURT DOES NOT WEIGH EVIDENCE—FINDINGS OF DEPARTMENT CONCLUSIVE IF SUPPORTED BY EVIDENCE.

On appeal from order of department of labor and industry, Supreme Court does not weigh evidence, and findings of department are not disturbed if there is any evidence to support them.

4. SAME.

Order of department of labor and industry denying compensation, being supported by evidence, is conclusive, on appeal.

Appeal from Department of Labor and Industry. Submitted January 6, 1932. (Docket No. 48, Calendar No. 35,911.) Decided April 4, 1932.

Otto Beer presented his claim against Brunswick Lumber Company for compensation for an accidental injury while in its employ. Compensation denied. Plaintiff appeals. Affirmed.

*R. W. Nebel,* for plaintiff.

*Thomas H. Murray,* for defendant.

BUTZEL, J. Otto Beer, plaintiff, appeals from an order of the department of labor and industry denying compensation. He was employed by the defendant Brunswick Lumber Company in its factory at Big Bay, Michigan. In his notice and application for adjustment of claim, he states that he was injured on or about February 16, 1929, by a chip that flew from a block being sawed, and hit him on the head above the left ear, cut his scalp, fractured his skull, and caused him severe injuries, both internally

and externally. The commissioners, in affirming the award of the deputy, found that plaintiff did not meet the burden of proof in showing that his disability was due to accidental injury, or that defendant had notice and knowledge that his injury, previously reported as noncompensable, had become compensable. The injury of February 16, 1929, was reported by defendant as noncompensable. At the hearing, plaintiff claimed he had been injured twice in a similar manner, once on February 9, 1929, and again on February 16, 1929, the first time on the left side of his head, and later on the right side. The first injury was never reported by defendant. At the hearing, plaintiff was confronted with the objection that he had not filed his application for compensation for the injury of February 16, 1929, within the statutory period. Notwithstanding his written application and the opening statement of his counsel to the effect that the injury of February 16, 1929, was the one for which compensation was sought, and the further claim that the injury to the left side of the head was the serious one and the one to the right side was not the one complained of, he attempted to shift his position. He testified that on February 9, 1929, he suffered a serious injury to the left side of his head, that it caused a scalp wound as well as other damages, and that the injury on February 16, 1929, was a skull wound that did not bother him much. The accident of February 9, 1929, was never reported by defendant, and this neglect would prevent the running of the statute and excuse plaintiff's delay in claiming compensation for an injury of that date. 2 Comp. Laws 1929, § 8431. Plaintiff continued to work after sustaining both injuries until March 1, 1929. He claims that on May 15, 1929, he saw defendant's foreman and demanded either com-

pensation or work. The foreman testified that he did not remember plaintiff making a demand for compensation. Plaintiff was given work and was continuously employed until July 2, 1929, when the factory was shut down. Thereafter he went to a small farm that he owned but subsequently sold. He did some work during the winter in the lumber woods; later he ran out of funds, was unable to work, and became a county charge.

The physician who testified in plaintiff's behalf did not attend him for either of his injuries, and had not seen him for many years until shortly before the hearing. He found him suffering from dizziness, a tendency to sway backwards, and from a traumatic shock which he ascribed to the injury. Plaintiff had a psycho-neurotic symptom complex. There were no objective indications of injury except a small scar on the left side of the head. The symptoms were entirely subjective. In describing the injury in the singular, the physician did not indicate whether plaintiff's condition was due to the blow on the right or the left side of the head. If it was due to the injury of February 16, 1929, as described in the report of defendant and the application for compensation, plaintiff's delay would preclude him from recovering (2 Comp. Laws 1929, § 8431). It further developed at the hearing that plaintiff was an unmarried man, 54 years of age, who had lived alone; that 15 years previous he had been committed to the Newberry State hospital on account of alcoholism, and been kept there 18 months, a longer period than is usually necessary; that he drank moderately after his release, but for two years prior to the accident, he had abstained from the use of liquor. The physician further testified that the conditions found in plaintiff might be

present without having any connection with the accident.

It is the province of the commission to draw legitimate inferences and weigh probabilities on questions of fact. We do not weigh the evidence. If there is any evidence at all supporting the commission's findings, we cannot disturb them. There was such evidence. *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130, 137; *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653; *Beaty* v. *Foundation Co.*, 245 Mich. 256, 259. The order of the commission is affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.