JULIA M. FRASIER, PETITIONER-DEFENDANT IN CERTIORARI, v. L. BAMBERGER & COMPANY, RESPONDENT-PROSECUTOR IN CERTIORARI.

Submitted October 17, 1931—Decided May 23, 1932.

Before Justices TRENCHARD and DONGES.

For the petitioner-defendant in *certiorari, Riker & Riker* (*Irving Riker,* of counsel).

For the respondent-prosecutor in *certiorari, Joseph C. Paul.*

PER CURIAM.

Pursuant to chapter 388, laws of 1931, this writ brought up an award of compensation to the petitioner by the workmen's compensation bureau.

The petitioner was employed in the department store of the prosecutor of this writ. While so employed she fell off a chair on November 15th, 1928, while at work hanging curtains. She complained of injuries to her hand and eye but said nothing about her knee. She lost no time from work immediately following the accident, except some twenty minutes while being treated by a nurse. Soon thereafter, and from time to time, her knee swelled and pained her, and she complained to the assistant floor woman. On September 21st, 1929, ten months after the accident, she reported that she was unable to work. Her petition for compensation was filed February 25th, 1930, and, as we have said, compensation was granted.

The employer first contends that the petition should have been dismissed because filed more than one year after the accident. The petitioner's answer to this is that this defense is not available to the employer because of failure to comply with chapter 187 of the laws of 1924, respecting reports of accidents.

That act requires a preliminary report upon the happening of the accident and this was made. The act also requires that "A supplemental report shall * * * be sent in like manner, at the expiration of the waiting period prescribed by paragraph 13 of the Workmen's Compensation act. If, however, the employe is able to resume work before the expiration of said waiting period, the supplemental report shall be sent immediately upon his return." It was and is contended by the petitioner, and was found by the deputy commissioner and we think rightly, that this provision was not complied with.

It appears that on September 27th, 1929, a letter giving the status of the case was sent by the employer to the insurance carrier and a copy sent to the bureau. It is contended by the employer that this was a compliance with the act. We think not. The act requires that this report shall be prepared "on a form designated as 'supplemental report.'" This was not done.

The waiting period referred to above by the terms of the act need not immediately follow the accident, and obviously in the instant case did not begin until September 21st, 1929.

The act of 1924 then requires the filing of three reports, known by the bureau as Forms 1, 2 and 3, upon knowledge that there has been a compensable injury. Admittedly no such reports were made.

We think that the deputy commissioner was justified in finding that the employer was deprived of the defense of the one-year limitation.

The employer argues that the petitioner did not sustain the burden of proving that the knee condition was the result of the fall. There was evidence that she had no trouble with her knee prior to the fall; that the trouble with her knee began at the time of or shortly after the accident, and that

swelling and a lump soon appeared and persisted, making walking painful and difficult, finally compelling cessation of work. This was the testimony of the defendant and two fellow workers, and her brother. A medical witness in answer to a hypothetical question attributed her condition to the fall. Such evidence amply supports the finding and judgment of the workmen's compensation bureau.

The judgment will be affirmed, with costs.