ZUHLKE *v.* LEE & CADY.

1. Master and Servant—Workmen's Compensation Act—Review of Issue of Fact.

   In event of conflict of testimony, in proceeding under workmen's compensation act, Supreme Court will not review determination of issue of fact made by department of labor and industry.

2. Same.

   Determination by department of labor and industry that employee was not discharged previous to his injury is sustained by Supreme Court, where supported by evidence.

3. SAME—COMPENSABLE INJURY.
    Accidental injury sustained by employee while making trip to
    another city in accordance with specific directions of his
    superior arose out of and within scope of his employment,
    justifying award of compensation therefor.

Appeal from Department of Labor and Industry.
Submitted April 11, 1933. (Docket No. 68, Calendar
No. 36,871.) Decided May 16, 1933.

Arthur D. Zuhlke presented his claim against Lee
& Cady, employer, and Hartford Accident & Indem-
nity Company, insurer, for an accidental injury al-
leged to have been sustained while in defendant's
employ. Award to plaintiff. Defendants appeal.
Affirmed.

*George W. Des Jardins,* for plaintiff.

*Harold S. Knight,* for defendants.

NORTH, J. This is an appeal by defendants from
an award of compensation to plaintiff, who was the
manager of a wholesale grocery store belonging to
the defendant Lee & Cady, and located at Lapeer,
Michigan. On the 4th of December, 1930, an assist-
ant supervisor of Lee & Cady found a shortage in
plaintiff's accounts. This shortage was due in part
to the fact that plaintiff had sold goods on credit
contrary to his employer's orders. Sales slips for
the goods so sold were carried as cash. On the day
the shortage was discovered the assistant super-
visor required plaintiff to surrender the keys to the
place of business. At the same time, according to
his testimony, the assistant supervisor directed
plaintiff "to collect in the slips he had in the drawer
because they were part of the cash, and would help

him to straighten out when he went to Bay City." The assistant supervisor further "instructed" plaintiff to go to Bay City and straighten up the discrepancy in the accounts. During the forenoon of the following day plaintiff made collections on these outstanding accounts, and about noon started to go by automobile to Bay City to take the matter up with Mr. Bartling, who had charge of such adjustments for Lee & Cady. En route to Bay City plaintiff was seriously injured in an automobile accident; and it was for the injuries so received that the award of compensation was made from which this appeal was taken.

It is appellant's contention that the award should be set aside because the plaintiff did not establish that he sustained an accidental injury arising out of and in the course of his employment. Determination of this contention depends upon whether plaintiff was discharged on the 4th day of December. If he was discharged on the 4th of December it necessarily follows that he was not in the employ of Lee & Cady when he received his injuries on December 5th. The employer contends that the assistant supervisor discharged plaintiff at the time the discrepancy was discovered on the 4th of December. The record discloses that this supervisor did not have the power to hire, but instead, such power was vested in Mr. Bartling, whose office was at Bay City. The testimony shows that whatever power the assistant supervisor had to discharge employees was subject to the ratification of Mr. Bartling. No action was taken by Mr. Bartling in this matter prior to plaintiff's accident. The testimony of the assistant supervisor to the effect that he did discharge plaintiff is directly contradicted by plaintiff's testimony. The latter testified:

"*Q.* Was there a conversation there (on December 4th) in which he (the assistant supervisor) told you you would have to get your job back again?

"*A.* No, sir.  *  *  *

"*Q.* Did he ever tell you you were discharged?
*  *  *  *

"*A.* No, sir.  *  *  *

"*Q.* Did anyone representing Lee & Cady at any time, from the time that Mr. Boyce (the assistant supervisor) called and checked your cash, up until the present time, ever tell you that you were discharged?

"*A.* No, sir."

In many cases we have held that in event of a conflict of testimony this court will not review the determination of an issue of fact made by the department of labor and industry. *Beer* v. *Brunswick Lumber Co.,* 257 Mich. 542, and cases cited. The department's determination that plaintiff was not discharged in the manner claimed by the employer must be sustained.

Under this record, it clearly appears that in making the trip to Bay City plaintiff was acting incident to his employment and in accordance with specific directions of his superior. He had gone to Bay City incident to his employment on previous occasions. Therefore, the accidental injury sustained by plaintiff arose out of and within the scope of his employment. *Stockley* v. *School District,* 231 Mich. 523 (24 N. C. C. A. 170).

The award is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.