OADO *v.* FORD MOTOR CO.

1. Workmen's Compensation—Limitation of Actions.

Employee who suffered an eye injury in 1923 and started proceedings to recover compensation therefor in 1934 *held,* not entitled to recover, since if employer properly reported accident the six months' limitation of the workmen's compensation act applies and if no report was made, unreasonable delay in filing claim bars recovery under *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich. 220 (2 Comp. Laws 1929, § 8431).

2. Same—Right to Petition for Compensation Not Suspended During Employment After Injury.

Contention that right to petition for compensation for an accidental injury does not accrue so long as employee remains employed with same employer and earns as much in wages as he could be awarded by way of compensation *held,* clearly in contravention of workmen's compensation act and without merit.

Appeal from Department of Labor and Industry. Submitted June 5, 1935. (Docket No. 37, Calendar No. 38,396.) Decided December 10, 1935.

Vito Oado presented his claim against Ford Motor Company for compensation for accidental injury received while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Sol A. Dann,* for plaintiff.

*E. C. Starkey* and *F. A. Nolan* (*Tuttle & Tuttle,* of counsel), for defendant.

NORTH, J. December 6, 1934, the department of labor and industry made an award of compensation to plaintiff for the loss of the sight of his *right* eye which plaintiff asserts was caused by an industrial accident sustained by him while in defendant's employ. Both parties are under the compensation act. Defendant reviews by certiorari.

The accident in consequence of which plaintiff asserts the right to compensation, according to his petition, "occurred on the ——— day of June or July, 1923;" but the department seems to have found that the accident occurred August 23, 1923. The exact date does not bear materially upon decision herein. Defendant made a report of a noncompensable injury to plaintiff's *left* eye, dated September 14, 1923. In the briefs it is stated this report was filed with the department of labor and industry in October, 1923. Following the injury plaintiff laid off from work for five days during which time he was treated at the Ford hospital. Thereafter he returned and continued in defendant's employ until July 27, 1931. His application for adjustment of compensation was made in February, 1934. Defendant gave notice of

the defense of the statute of limitations, and relied both upon the six months' provision in the workmen's compensation act (2 Comp. Laws 1929, § 8431), and also the general statute of limitations (3 Comp. Laws 1929, § 13976).

There is testimony tending to show that previous to the time plaintiff entered defendant's employ (1915) he had sustained an injury to his right eye. At the time of the hearing before the department the plaintiff had no industrial vision in his right eye. There is conflict in the testimony as to whether the accident plaintiff suffered in 1923 resulted in an injury to his left eye or to his right eye. The department found that "no report of the accident was made by the defendant." Evidently this was because of a determination that the reported accident was to plaintiff's left eye rather than to his right eye. But in either event the defense urged must be sustained. If, as defendant asserts, report was made of the accident, plaintiff's petition for compensation is barred by 2 Comp. Laws 1929, § 8431, because his claim for compensation was not made within the six months' limitation provided by the statute. On the other hand, if, as plaintiff asserts and as the department found, the accident which happened in August, 1923, was not reported, still plaintiff's petition for compensation filed in February, 1934, was barred by the six-year provision in the general statute of limitations. *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220; *Ardelian* v. *Ford Motor Co.*, 272 Mich. 117; *Stone* v. *Ford Motor Co.*, 272 Mich. 139.

In a supplemental brief by plaintiff's counsel the following contention is made:

"Plaintiff contends that the general statute of limitations could not begin to run until after the injured employee is entitled to recover compensation

or *after he is discharged from the employ of the defendant.* Not necessarily from the time of the accident."

The gist of the contention is that so long as the employee remains with the employer and earns as much in wages as he could be awarded by way of compensation, his right to petition for compensation does not accrue. This contention cannot be sustained. It so clearly contravenes the provision of the compensation law as not to require discussion.

The award of compensation will be vacated. Costs to appellant.

FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J.

POTTER, C. J. *(concurring).* Appeal by defendant in the nature of certiorari to review an award of the department of labor and industry to plaintiff for the loss of his right eye.

Plaintiff claims that in July, 1923, while in the employ of defendant, a spike glanced off a hammer, striking him in the right eye; that he reported the accident immediately to his foreman and to defendant's first-aid department from where he was removed to the Ford hospital and there confined for a period of five days where his right eye was treated; that thereafter he returned to work and continued in another job in defendant's employ until July 27, 1931. In February, 1934, plaintiff applied for adjustment of compensation. Defendant gave notice of the statute of limitations, relying upon 2 Comp. Laws 1929, § 8431, and 3 Comp. Laws 1929, § 13976. There was testimony to support plaintiff's claim that he suffered a compensable accident growing out of and in the course of his employment prior to

August 23, 1923, on which date a noncompensable accident to plaintiff was reported by defendant.

The statute (2 Comp. Laws 1929, § 8456) provides that if the injured employee returns to work within seven days, such report shall be made and mailed to the department of labor and industry on the eighth day after the accident occurred. If the accident reported as noncompensable later proves to be a compensable accident, the employer shall report it as a compensable accident and state in the report that such accident was previously reported as a noncompensable accident. In all cases where the disability of the employee continues for more than seven days after the accident, the employer shall report on the eighth day, to the department of labor and industry, the accident as a compensable one.

No report of a compensable accident was made. The only report made was of a noncompensable accident. Plaintiff returned to work after five days, and continued to work until his discharge. He was not entitled to compensation during the period when he was gainfully employed and his compensation was not diminished by his injury. Plaintiff was laid off in 1931, and made application for compensation in 1934.

The important question is the effect of the statute of limitations. In all cases of compensable accidents reported, the employer or his insurer shall, immediately after the making of the report to the department of labor and industry showing the accident to be a compensable one, prepare and sign an agreement to pay compensation, and the first weekly payment of such compensation to the injured employee shall be at the end of one week after the compensation period begins to run. No agreement to pay compensation was prepared, signed or presented,

and no report of the accident as a compensable one was ever made.

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same." 2 Comp. Laws 1929, § 8431.

Section 8456, 2 Comp. Laws 1929, provides:

"If any employer shall, after he has notice or knowledge of an accident happening to one of his employees, refuse or neglect to make any of the reports required by this section, neither he nor his insurer shall have the right to raise the defense of the statute of limitations contained in section fifteen of part two of this act in any proceedings by injured employees, or their dependents, to recover compensation, and said employer shall be punished by a fine of not more than fifty dollars for each offense."

Section 15 of part 2 of the act referred to in 2 Comp. Laws 1929, § 8456, is 2 Comp. Laws 1929, § 8431, above quoted, and provides further:

"That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of said accident, within three months after the happening of the same, and fails, neglects or refuses to report said accident to the industrial accident board as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board."

The workmen's compensation act was a departure from the rules of the common law. It substituted compensation for damages.

"It is legislation which awards compensation for the accidental industrial injuries to be added to the cost of production." *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298 (6 N. C. C. A. 807, Ann. Cas. 1916D, 724).

"The paramount object has been for the enactment of what has been claimed to be more just and humane laws to take the place of the common-law remedy for the compensation of workmen for accidental injuries received in the course of their employment, by the taking away and removal of certain defenses in that class of cases." *Adams* v. *Acme White Lead & Color Works*, 182 Mich. 157 (6 N. C. C. A. 482, L. R. A. 1916 A, 283, Ann. Cas. 1916 D, 689).

"It was the legislative intent to compensate workmen for injuries resulting from industrial accidents, and that such compensation is charged against the industry because it is responsible for the injury." *Klawinski* v. *Railway Co.*, 185 Mich. 643 (L. R. A. 1916 A, 342).

"It is to be recognized at the outset that workmen's compensation legislation of this class, based on the economic principle of trade risk in that personal injury losses incident to industrial pursuits are, like wages and breakage of machinery, a part of the cost of production, works fundamental changes in the familiar principles underlying and governing the doctrine of liability for negligence as heretofore applied to the relation of master and servant. But it by no means follows that this comparatively recent and radical legislation upon the subject enacted to meet changed industrial conditions, and afford relief from evils and defects which had developed under the old rules of law in negligence cases

for personal injuries of employees violates the spirit or letter of our Constitution. * * * Except as to vested rights, the legislative power exists to change or abolish existing statutory and common-law remedies. Common and statute laws only remain in force until altered or repealed." *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8.

"The object of the workmen's compensation act is to make the damages paid by the employer on account of the liability for accidental injuries to employees an operating expense, which constitutes a part of the cost of production and is reflected in the higher prices paid by consumers of a manufactured product." *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52.

"Rules of law and procedure, applicable to common-law actions, may not be considered in construing the workmen's compensation act, for such act is in derogation of the common law and substitutes its own code of procedure, inclusive of review." *Luyk* v. *Hertel*, 242 Mich. 445.

"The act in question, like all similar acts, provides for compensation, and not for damages, and in its consideration and construction all of the rules of law and procedure which apply to recover damages for negligently causing injury or death, are in these cases no longer available, and there is substituted a new code of procedure fixed and determined by the act in question. This legislation, then, is a new departure and creates a new liability, resting upon one class in favor of another, without reference to any negligent conduct of the class upon which the burden is cast. In other words, this legislation is wholly in derogation of the common law." *Andrejwski* v. *Wolverine Coal Co.*, *supra.*

The provisions of the Michigan workmen's compensation law relating to the failure of the employer to properly report an accident of which he has notice

are peculiar to a few States. But it is generally held that such provisions as to reports of accidents by employers should be liberally construed (*Jersey City* v. *Borst,* 90 N. J. Law, 454 [101 Atl. 1033]; *Combination Rubber Manfg. Co.* v. *Obser,* 95 N. J. Law, 43 [115 Atl. 138]; *Fisher* v. *Tidewater Building Co.,* 96 N. J. Law, 103 [114 Atl. 150]; *Massie* v. *Court of Common Pleas,* 8 N. J. Misc. Rep. 600 [151 Atl. 205]); the reports made of the accident by the employer must be of the kind prescribed by the statute in order to be effective (*Frasier* v. *L. Bamberger & Co.,* 10 N. J. Misc. Rep. 781 [160 Atl. 630]; *Loeloff* v. *Kelly Press Division of American Type Fdry. Co.,* 10 N. J. Misc. Rep. 1156 [163 Atl. 1]); and the employer may not have the benefit of the statute of limitations provided in the workmen's compensation act if he fails to report the accident resulting in the injury to plaintiff and consequent liability to the employer (*Franko* v. *Ohio Chemical Co.,* 8 N. J. Misc. Rep. 376 [150 Atl. 221]; *Massie* v. *Court of Common Pleas, supra; Frasier* v. *L. Bamberger & Co., supra*).

In the latter case, plaintiff was injured but after being treated for 20 minutes by a nurse returned to work. From time to time thereafter she complained to her floor woman. No report of the accident was filed by the employer, and it was held the employer was deprived of the defense of the statute of limitations. This holding was in accordance with the general rule, and the statute of Michigan provides as above. This statute has always been given force and effect by this court.

"It was the duty of the defendant to report to the commission 'the nature and extent of the injury fully and in detail,' on the eighth day after the oc-

currence of the accident of which it had notice, and its neglect to do so is a bar to its right to raise the defense of the statute of limitations relied on by defendant." *Wilkes* v. *Railway*, 234 Mich. 629, 632.

In *Johnson* v. *Ford Motor Co.*, 240 Mich. 316, defendant claimed the notice and claim for adjustment was not made by plaintiff within the time provided by statute. The department held defendant was not entitled to make this defense for the reason it had not reported the accident. The court said:

"We think the department was within its authority in holding that defendant could not make the defense of the statute of limitations, by reason of the statutory provision, which is as follows:

" 'The said notice shall be in writing, and shall state in ordinary language the time, place, and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf.

" 'A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, or the commissioner of insurance, as the case may be, was in fact misled thereby. Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury.' 2 Comp. Laws 1915, §§ 5446, 5448." *

"As to the failure to claim compensation within the statutory period, the defendant can have no advantage therefrom because it did not file a report of accidental injury." *Monk* v. *Charcoal Iron Co. of America*, 246 Mich. 193.

"The accident of February 9, 1929, was never reported by defendant, and this neglect would prevent the running of the statute and excuse plaintiff's delay in claiming compensation for an injury of that date. * * * Plaintiff continued to work after sus-

---

* 2 Comp. Laws 1929, §§ 8432, 8434.—REPORTER.

taining both injuries until March 1, 1929.'' *Beer* v. *Brunswick Lumber Co.*, 257 Mich. 542.

In *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64, it was held the general statute of limitations providing for the institution of suit within a period of six years after its accrual applied to a suit in the circuit court to reduce to judgment weekly payments of compensation which had accrued under the orders of the department of labor and industry. This ruling was followed in *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68, where *Buzzn* v. *Muncey Cartage Co., supra,* was commented on, and it was held that the general statute of limitations was applicable to suits upon awards under the workmen's compensation act, and plaintiff, in a suit brought to recover judgment on an award, could only recover for those installments which were due and payable within a period of six years.

''The general statute of limitations does not apply to the bringing of claims under the compensation act before the department of labor and industry but only to the taking of judgment upon the awards of that department.'' *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313.

In *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220, the court commented upon the three cases last above cited and pointed out that decision rested upon the fact, ''the plaintiff made no move to obtain any compensation whatsoever until more than 10 years had elapsed from the time of injury.''

In that case, plaintiff claimed to have been injured in 1922, and instituted proceedings in 1933. There was no report of any accident, no proof the company had any knowledge of any accident, and plaintiff gave no notice of an accident within three months,

nor did he institute any proceedings within six months. There was proof that plaintiff told his foreman of his injuries. It was held that if a workman claimed compensation, he must at least make some move within a reasonable time and the general statute of limitations, in the absence of other rule, would be considered as a reasonable time.

Defendant had notice of a noncompensable accident. Plaintiff, on account of the accident, was not laid off beyond the period permitted by statute therefor. He returned to work, so far as the time is involved, within the time permitted for persons suffering noncompensable accidents. Defendant had no notice from plaintiff's failure to return to work he had suffered a compensable accident as now claimed. Plaintiff gave the defendant no notice he had suffered a compensable accident until he filed the claim for compensation herein. He returned to work. He suffered no diminution in salary so far as the record shows. He was not entitled to compensation, and defendant is not shown to have had notice.

I agree in the result reached, but for the reasons above stated.

The late Justice Nelson Sharpe took no part in this decision.