QUICK *v.* DOW CHEMICAL CO.

1. WORKMEN'S COMPENSATION—COMPENSABLE DISABILITY—CONTINU-ANCE AT WORK—EARNING CAPACITY.

Holding of department of labor and industry that employee who suffered an accidental injury during his employment, as to which employer filed a noncompensable accident report, had no compensable disability while earning same wages as before accident although he continued at his work by delegating heavier duties to a helper, was erroneous.

2. SAME—PRESENTATION OF CLAIM—STATUTE OF LIMITATIONS.

An employee whose back was so injured that he was totally disabled from hypertrophic arthritis over three weeks before expiration of six-months' period within which he could file claim for compensation but failed to make claim until after expiration of six months from date of accident and after X-ray picture disclosed condition did not seasonably present claim entitling him to compensation (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted January 16, 1940. (Docket No. 70, Calendar No. 40,791.) Decided April 19, 1940.

Edward Quick presented his claim for compensation against Dow Chemical Company for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Reversed.

*Bernard S. Frasik,* for plaintiff.

*C. Emerson Price* (*Kelley, Sessions, Warner & Eger,* of counsel), for defendant.

BUSHNELL, C. J. Plaintiff had been employed for some time by defendant as a pipe fitter. On October 1, 1937, while working under a still, he accidentally struck his back against a protruding lug. Although in some pain, he finished his day's work and then reported to defendant's first aid station where he was given a tube of salve and advised relative to home treatment for his injured back. He continued to work regularly at his job until February 7, 1938, when he was laid off because of a reduction in the number of defendant's employees.

He used home remedies for his back and was able to keep up with his work by delegating the heavier duties to his regular helper. Plaintiff's back continued to pain him, his condition gradually became worse, and on April 13, 1938, an X-ray examination showed that he was suffering from hypertrophic arthritis which totally disabled him.

A petition for compensation was filed on April 20, 1938. Defendant had filed a noncompensable accident report on October 28, 1937. The deputy commissioner denied compensation on the ground that plaintiff had not filed his claim within the statutory

period of six months (2 Comp. Laws 1929, § 8431 [Stat. Ann. § 17.165]).

On review, the finding of the deputy was reversed and plaintiff was awarded full compensation beginning March 8, 1938. The department in its opinion stated that during the period plaintiff worked for defendant after the date of the accident, he could make no valid claim for compensation as the wages he was then earning were the same that he earned prior to the accident, and "thus he had no compensable disability as a result therefrom, although he was in constant pain." This statement of the law is erroneous. In *Oado* v. *Ford Motor Co.,* 273 Mich. 510, the contention was made that the right to petition for compensation does not accrue so long as the employee remains with the employer and earns as much in wages as he could be awarded by way of compensation. The court held this contention to be in contravention of the workmen's compensation act. The department in the instant case evidently based its award on this erroneous conception of the law for, although it found that on April 13, 1938, an X-ray examination revealed that plaintiff was suffering from hypertrophic arthritis, a condition which renders him totally disabled, they also found that the disability became compensable about a month after plaintiff's layoff, and allowed him compensation from March 8, 1938.

Defendant introduced testimony to refute plaintiff's claim that his condition was the result of the accident, but there is testimony to support the department's finding that the hypertrophic condition was due to trauma. According to plaintiff's own testimony he became totally disabled about March 8, 1938, and was suffering severe pain. He had previously tried to obtain his former position with de-

fendant but stated that had he been given a job he could not have taken it. He also stated that he declined two other jobs because of his physical condition.

The question is, if an injured workman finds himself totally disabled any time within six months after an accident, whether or not he must make his claim for compensation orally or written within such six months? The statute makes no exception. Its terms are plain. Had the department found that plaintiff's condition had not developed or made itself apparent until April 13, 1938, when the X-ray picture was taken, plaintiff would have had three months from such time in which to make claim for compensation. 2 Comp. Laws 1929, § 8431 [Stat. Ann. § 17.165]. However, the department found that the disability became compensable on March 8, 1938. At that date over three weeks of the six months' period still remained during which plaintiff could have made claim for compensation, but this he did not. In *Hadsell* v. *Van Buren County Telephone Co.*, 232 Mich. 154, the accident occurred on August 9, 1923. On November 28, 1923, Hadsell was obliged to cease working. On February 2, 1924, an X-ray picture disclosed that his condition was caused by injuries received in the accident. The court held that since the injury developed and became apparent during the six months immediately following the accident, Hadsell's claim was not seasonably made because it was not filed within six months following the accident.

While plaintiff Quick's X-ray picture was not taken until after the expiration of six months following the accident, his testimony shows that the disability had developed and made itself apparent prior to the expiration of six months.

The case presents some serious questions. It is claimed that, under the spirit and purpose of the act,

plaintiff should be entitled to recovery. Unfortunately the express terms of the act do not permit such recovery. We again repeat, the remedy is with the legislature.

The award is vacated, with costs to defendant.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.