Essex County Court of Common Pleas.

MILDRED CLAY, PETITIONER-APPELLANT, v. FIREMEN'S INSURANCE COMPANY, RESPONDENT-APPELLEE.

Decided October 20, 1933.

For the petitioner-appellant, *Louis H. Frankel.*

For the respondent-appellee, *Cox & Walburg.*

HARTSHORNE, C. P. J. If the 1931 amendment to the Reporting act (*Pamph. L.* 1931, *ch.* 278, *p.* 703) is applicable, petitioner is barred. Assuming, however, that same is not applicable, but that the Reporting act applies as it existed at the time of the accident, this provides that:

"Any employer or insurance carrier failing to make report as required by this act, shall in such instance be deprived of the defense provided in paragraph 23-h."

At that time paragraph 23-h did not refer to the one-year limitation then existing in section 5 of the Procedural act of 1918 as amended (*Pamph. L.* 1921, *ch.* 229), as it does now, but provided that compensation claims "shall be forever barred unless a petition is filed * * * within one year."

Accordingly, the Reporting act, at the time the petition herein was filed, did not prevent the defendant from relying upon the limitation period; and the Reporting act, at the time the accident occurred, while it prevented the defendant from relying upon section 23-h of the Substantive act of 1911 as amended, did not relieve the petitioner from complying with the limitation expressed in section 5 of the Procedural act of 1918 as amended.

Whether or not this was a mere oversight upon the part of the legislature is immaterial. Such is the fact, and the legislative will binds the court.

Petitioner is therefore barred for her failure to comply with the provisions of section 5, in that she filed her petition some eight years after the accident.

An order may be entered affirming the action of the compensation bureau accordingly.