SAMUEL JACKSON, PETITIONER-PROSECUTOR, v. FLORENCE THREAD COMPANY, DEFENDANT-RESPONDENT.

Submitted May 11, 1934—Decided October 5, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Joseph Beck Tyler.*

For the respondent, *George B. Evans.*

PER CURIAM.

Samuel Jackson (hereinafter called the workman) was injured by an accident arising out of and in the course of his employment by the Florence Thread Company (hereinafter called the employer). The accident happened November 21st, 1928. No formal petition for compensation under the Workmen's Compensation act was filed until July 27th, 1932, when the workman filed the petition now in question. That petition alleged, among other things, permanent disability. The employer's answer admitted that notice of the accident was given to it on the date of the accident.

At the hearing before the workmen's compensation bureau, the employer moved to dismiss the petition on the ground that it was barred by the statute of limitations. That motion was granted by the deputy commissioner. An appeal was taken by the workman to the Burlington Court of Common Pleas and the dismissal was affirmed. The workman then obtained this writ of *certiorari* and now questions the propriety of that judgment.

The workman contends that the petition should not have been dismissed, because the failure to file reports, particularly the so-called second report, as required by the act (*Pamph. L.* 1924, *p.* 401), deprived the employer of the defense of the statute of limitations.

We think there is merit in this contention.

The act of 1924 requires an employer carrying insurance, as required by chapter 178 of the laws of 1917, when an accident occurs to one of his employes, to make report thereof in accordance with the terms of his insurance policy. It is admitted that the employer here had notice of the accident on the day that it occurred, and it appears that the insurance company received notice of the accident from the employer not later than December 4th, 1928.

Now section 3 of the act of 1924, after providing that the insurance carrier, immediately upon receiving knowledge of the accident to an employe, shall make report thereof to the workmen's compensation bureau, and then further provides that "within three weeks after the carrier has learned of the accident or the contraction of such disease such carrier shall send to the bureau a second report containing a statement of wages and an agreement to care for the case according to the terms of the compensation law. This report shall be signed by the employe as provided thereon and by the employer or insurance carrier." The section further provides that "when an employe refuses to sign any of the required forms, such fact shall be noted on the blank at the point where the signature should be placed and the forms filed with the bureau." The act further provides that any employer or insurance carrier failing to make reports as required by this act shall in such instance be deprived of the defense of the statute of limitations.

It is quite clear from the record that the so-called second report was not sent or filed within the time definitely fixed by the statute, that is, "within three weeks after the carrier has learned of the accident." As heretofore pointed out the accident happened on November 21st, 1928. The insurance carrier knew of the accident not later than December 4th, 1928.

The second report was not sent or filed until March 15th, 1929.

It has been held in effect that the failure to file reports in accordance with the provisions of the act continued to the petitioner his right of action and removed the defense of the statute of limitations. *Frazier* v. *L. Bamberger & Co.*, 160 *Atl. Rep.* 630; affirmed by the Court of Errors and Appeals in 110 *N. J. L.* 447. That case seems to dispose of the present case as far as this court is concerned.

The act of 1924 abolishing the defense of the statute of limitations where reports are not filed as required by the statute, was in existence at the time the accident occurred. This act was later amended (*Pamph. L.* 1931, *ch.* 280) by extending the time for bringing suit to two years and omitting the provision for abolishing the statute of limitations upon failure to file reports.

In *Hunt* v. *Gulick,* 9 *N. J. L.* 205, it was held that the right of the plaintiff in an execution to recover against a constable for neglect of duty in the service of an execution is a vested right and a repeal of the statute that rendered the constable liable will not defeat the recovery. See, also, 4 *Comp. Stat., p.* 4971, § 3.

It appears, therefore, that the workman's cause of action in the present case is not in any way affected by the repeal of the act of 1924 by the act of 1931.

The judgment below will be reversed, and the case remitted for further proceedings not inconsistent with this opinion. The costs in this court to abide the final determination.