SAMUEL JACKSON, RESPONDENT, v. FLORENCE THREAD COMPANY, APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Henry M. Hartmann.*

For the respondent, *Joseph Beck Tyler.*

The opinion of the court was delivered by

Parker, J. We conclude that the judgment of the Supreme Court should be affirmed, and in the main for the reasons stated in the *per curiam* opinion of that court.

The accident was in 1928. At that time the act of 1924 (*Pamph. L., p.* 401) was in force, based on a limitation of one year in the original act of 1911. The act of 1924 provided that failure to file the reports it required should bar the defense of limitation (foot of page 403). *Frasier* v. *L. Bamberger & Co.,* 110 *N. J. L.* 447, cited by the Supreme

Court. Up to the enactment of chapter 280 of *Pamph. L.* 1931 (*Pamph. L., p.* 708), the respondent clearly could not have invoked the limitation. The petition was not filed, however, until July, 1932, and by that time the act of 1931, amending section 5 of the original act as amended in 1918, was in force. As pointed out by the Supreme Court, it enlarges the period of limitation to two years, and seems to contain no reference to section 6 of the act of 1924, barring that defense in default of reports. It is not, however, an amendment in form of the act of 1924. As a matter of statutory construction it might perhaps be argued that the clause in section 6 of the act of 1924 applies to section 5 of the 1911 act as amended in 1931 and containing the two years limitation. But even assuming this, we are clear that the act of 1931 did not bar the right of the employe to file a petition after one year, or two years, as the case might be, immune to' the limitation for failure to report. The limitation of 1931 is not in terms applicable to right of action already existing; and if so considered, it fails to provide a reasonable time within which to begin suit after its passage. *See Barnaby* v. *Bradley & Currie Co.*, 60 *N. J. L.* 158. We agree, therefore, that the act of 1931 is ineffective to cut off the right of action existing in petitioner at the time of its passage.

The point is made here, though the Supreme Court does not allude to it, that the act of 1924 does not express in its title any intent to modify or qualify the limitation imposed in the Workmen's Compensation act. The same point was made in *Massie* v. *Common Pleas*, 8 *N. J. Mis. R.* 600, 604, affirmed here in 108 *N. J. L.* 199, on the Supreme Court opinion. We deem it without merit.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.