· HUDSON COUNTY COURT OF COMMON PLEAS.

SAMUEL SCHOENER, PETITIONER, v. WATSON ELEVATOR
COMPANY, RESPONDENT.

Decided December 1, 1936.

For the petitioner, *Andrew O. Wittreich*.

For the respondent, *Perkins, Drewen & Nugent*.

MEANEY, C. P. J. This matter is before me on appeal from a ruling of the workmen's compensation bureau dismissing the claim petition filed therein by the appellant, hereinafter referred to as petitioner. No testimony was taken below, the only question presented being one of law to determine whether the claim was barred by the statute of limitations contained in the act. The deputy commissioner, after hearing argument, determined that the claim was barred.

That Samuel Schoener, the petitioner, was employed by the Watson Elevator Company, the respondent below and here, and that he sustained an injury arising out of and in the course of such employment appears to be uncontroverted so far as the present situation is concerned, the petition so alleging.

He sustained his injury, according to the petition, on April 18th, 1924, but did not file his petition until December 17th, 1934. It appears also that respondent failed to file the reports,

commonly known as Forms 1, 2 and 3, with the bureau, until some time in February of 1934.

Petitioner claims that because of his employer's failure to file the prescribed forms, the latter is deprived of the benefit of the statute of limitations. *Pamph. L.* 1924, *ch.* 187, *p.* 403, § 6; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3906, § **236-99. Respondent claims that by virtue of two certain enactments of the legislature (chapter 278, *Pamph. L.* 1931, and chapter 280, *Pamph. L.* 1931) petitioner is barred.

The pertinent section of the act of 1924 is as follows:

"Any employer or insurance carrier failing to make the report as required by this act, shall in such instance be deprived of the defense provided in paragraph 23 (h) of the Workmen's Compensation act, approved April 4th, 1911, as chapter 95, as amended by chapter 93, laws of 1919 * * *."

Section 23 (h) of the original act, as supplemented in 1918 and as amended in 1919, *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3886, § **236-32, *sec.* 23 (h), fixed a limitation period of one year for filing a claim petition.

Chapter 278 of the laws of 1931 amended the act of 1924 just quoted (*N. J. Stat. Annual,* § **236-99), by providing for a fine for failure to file the necessary reports. It makes no reference to the fact that the employer may be barred from pleading the statute of limitations for failure to file the necessary reports and may therefore be deemed to repeal that section.

Chapter 280 of the laws of 1931 (*N. J. Stat. Annual,* § **236-46), then fixes a two-year period of limitation for filing a claim petition, thereby amending the act of 1918 before referred to.

Respondent contends that petitioner is barred by this last enactment of the legislature, particularly in view of this fact that chapter 278, *supra,* had repealed the act of 1924 upon which petitioner based his action, and relies upon *Clay* v. *Firemen's Insurance Co. (Essex Common Pleas),* 13 *N. J. Mis. R.* 63; 177 *Atl. Rep.* 94, as authority for its position. That case, as reported, does not set forth the facts upon which the determination was reached, and I do not believe affects the case at bar.

In *Jackson* v. *Florence Thread Co.*, 12 *N. J. Mis. R.* 774; 175 *Atl. Rep.* 96; affirmed, by the Court of Errors and Appeals in 115 *N. J. L.* 175; 178 *Atl. Rep.* 729, cited by petitioner, the accident occurred in 1928, but the petition was not filed until 1932. What is to be gathered from the opinion in that case, is that, as the law existed prior to 1931, failure of the employer to file the required reports created in the injured employe a vested right to bring his action at any time thereafter, and that such vested right was (as stated in the Supreme Court opinion) "not in any way affected by the repeal of the act of 1924 by the act of 1931;" or (as stated in the Court of Errors and Appeals' opinion) "the act of 1931 is ineffective to cut off the right of action existing in petitioner at the time of its passage."

See, also, *Freeman* v. *Railway Express Agency*, 14 *N. J. Mis. R.* 316; 184 *Atl. Rep.* 631.

In the' case at bar, the accident occurred, as stated above, on April 18th, 1924. The act of 1924 was approved March 11th, 1924, and by force of paragraph 8 thereof, it took effect immediately upon approval. The act was, therefore, in force at the time of the injury and there accrued to the petitioner, immediately upon the happening of the accident and the failure of respondent to file the reports, whatever benefits he was entitled to under that act. By the decision in the *Jackson* and *Freeman* cases petitioner became possessed of a cause of action which the act of 1931 was ineffective to disturb.

Under the circumstances, the ruling of the bureau must be reversed, the petition reinstated, and the cause remanded for hearing.