TIFFANY & COMPANY, PROSECUTOR, v. CHRISTINA STARZMANN, DEFENDANT.

Argued January 20, 1937—Decided April 12, 1937.

Before Justices CASE and PERSKIE.

For the prosecutor, *Edwards, Smith & Dawson* (*Edwin F. Smith, Raymond Dawson* and *George Echelmann*).

For the defendant, *Arthur F. Mead, Harvey A. Lieb* and *William B. McMichael*.

The opinion of the court was delivered by

CASE, J. The writ brings up for review a judgment entered in the Essex Common Pleas which in effect affirmed a judgment in the workmen's compensation bureau under a petition for compensation filed by Christina Starzmann, an employe of Tiffany & Company. The award was for percentage permanent disability together with fees and expenses. The essential facts will appear in the discussion of the points.

Prosecutor's first point is that the judgment should be reversed because the claim for permanent disability, based on an accident in December of 1929 and presented by a petition filed in October of 1934, was barred by the failure to file a petition within a reasonable period after the enactment of the procedural regulations effective April 27th, 1931 (chapters 278, 279, 280, *Pamph. L.* 1931), which imposed a two-year limitation on applications for compensation. The employer had notice on January 16th, 1930, that on December 12th, 1929, the employe, while leaving the building of her employment, slipped and fell on the stairs. The employer contends—and there is testimony to support, and we shall assume, the truthfulness of the contention—that it sent to its insurance carrier and to the department of labor of the state the preliminary notice required by section 1, chapter 187, *Pamph. L.* 1924, *p.* 401. It is conceded that the insurance carrier did not file the report required by section 3 of that statute. Section 6 of the statute contains this provision: "Any employer or insurance carrier failing to make report as required by this act, shall in such instance be deprived of the defense provided in paragraph 23 (h) of the Workmen's Compensation act, approved April fourth, one thousand nine

hundred and eleven, as chapter 95 as amended by chapter 93, laws of 1919." Section 23 (h) of the Workmen's Compensation law provided that "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed  *   *   *  within one year after the date on which the accident occurred  *   *   *." Chapter 278 of *Pamph. L.* 1931 so amended section 6 of chapter 187, *Pamph. L.* 1924, *supra,* as to omit the provision, quoted *supra,* which deprived the employer or insurance carrier of the defense provided in paragraph 23 (h) of the Workmen's Compensation act. It is the contention of the prosecutor that chapter 278 of the laws of 1931 is retroactive and that consequently, even though the employe up to and at the time of the passing of that statute had a cause of action which was without limitation, she came at once, upon the passage, within the field of operation of the statute. We are constrained by the decision of the Supreme Court in *Jackson* v. *Florence Thread Co.,* 12 *N. J. Mis. R.* 774 (which at *p.* 775 makes very clear that the subject under discussion is the report required from the insurance carrier), and by the decision of the Court of Errors and Appeals in the same case on review, 115 *N. J. L.* 175, to hold that the insurance carrier was under the duty to make the report required by section 3 of the 1924 statute, that the failure of the carrier to make that report subjects its insured and itself to the penalty contained within section 6 and that the repeal of that penalty in 1931 was ineffective to cut off the right of action existing in the employe at the time the repealer was passed.

The employe had continued to work from the time of her accident until the middle of the next month, January. She was then detained at her home for a few days by the ensuing incapacity, following which she returned to work and continued until the month of May, 1930. She was totally disabled from May, 1930, until October, 1931, and during that entire time was paid weekly compensation. From October 19th, 1931, until August, 1932, she served in her employment but after that was unable to work.

Prosecutor next contends that the judgment should be reversed because the proofs do not support a finding that the

reporting statute—chapter 187, *Pamph. L.* 1924, *supra*—was violated by prosecutor in January, 1930, and that consequently prosecutor was not subject to the penalty of section 6. The omission on the part of the insurance carrier to make the reports required by section 3 is conceded. The legal obligation to make that report and the penalty consequent upon the failure are the subject of the holdings above.

Thirdly, prosecutor argues that the judgment should be reversed because it deprives the prosecutor of its property without due process of law in violation of its right under the United States constitution. We think that the point is not well taken. The argument appears to be based upon the assumption that the passage of chapter 278, *Pamph. L.* 1931, vested prosecutor with a defense which is being taken from it. The defense, in our opinion, never vested. The 1931 statute was ineffective, as held in *Jackson* v. *Florence, supra,* to vest the prosecutor with the defense of which it now seeks to make avail.

Prosecutor's fourth point is that the proofs do not contain a supporting foundation for the finding that the defendant's disability was produced by the accident which occurred in 1929. We think otherwise. The foundation is to be found in the testimony of each of three doctors. That there was forceful medical testimony *contra* simply presented a factual issue which required decision. We think that there is adequate support for the factual findings of the two lower tribunals.

Finally, it is said that the allowance of the compensation is excessive. In that respect, too, we think that the testimony sufficiently sustains the finding.

Judgment below will be affirmed.