MARY A. MAHONEY, PROSECUTOR, v. CITY OF PATERSON, RESPONDENT.

Argued May 4, 1937—Decided July 17, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Isadore Rabinowitz* and *Nathan Rabinowitz*.

For the respondent, *Salvatore D. Viviano* and *Charles F. Lynch*.

The opinion of the court was delivered by

PERSKIE, J.   In this workmen's compensation case prosecutor seeks a writ of *certiorari* to review the order made in the workmen's compensation bureau, under date of April 6th, 1937, dismissing her petition for compensation, and the further order, in this cause, made in the bureau, under date of February 1st, 1937, refusing to set aside its order of dismissal.

On January 17th, 1936, prosecutor filed a petition seeking compensation for the death of her husband, allegedly resulting, but denied by the city, from injuries suffered as the result of an automobile accident arising out of and in the course of his employment as overseer of the poor of the city of Pater-

son, New Jersey. The accident occurred on June 12th, 1932, and the deceased died on June 18th, 1932. Without detailing the facts set out in the petition and answers thereto and all the legal claims made by the respective parties, suffice it to say that the city denied liability and moved to dismiss the petition on the ground, *inter alia,* that it was not filed within two years after the day on which the accident occurred. *Pamph. L.* 1931, *ch.* 280, *p.* 708; *N. J. Stat. Annual* 1931, § **236-46. Prosecutor's position below was, and it remains unchanged, that since the city made no report of this accident as required by the Labor Recording act, paragraph 6 of chapter 187, *Pamph L.* 1924, *pp.* 401, 403; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3906, § **236-99, it could not avail itself of the statutory period of limitation. The deputy commissioner dismissed the petition for lack of jurisdiction. No appeal was taken from that order. Thereafter, on January 26th, 1937, petitioner gave notice of an application to the deputy commissioner to set aside the order of dismissal, to take proofs to show that the city had not reported the accident, and that upon such proofs being shown the city should be deprived of the defense interposed by it. For the city, it was admitted that no report had been made of the accident. The basis for prosecutor's application was that paragraph 6 of chapter 278, *Pamph. L.* 1931; *N. J. Stat. Annual* 1931, § **236-99, and the like provision (imposition of penalty) in chapter 187, *Pamph. L.* 1924, were unconstitutional. But, it is argued, since the penalty provision in the act of 1924 was separate and independent of the second provision thereof (denial of the right of employer to plead statute of limitation as a defense), the latter provision was unaffected or untainted by the infirmity of the first provision, and, therefore, was still applicable.

It appears to us that there are, at least, two complete answers to this contention. First. Neither the act of 1924 nor the act of 1931 is subject to the criticism leveled at them, namely, that they contain no provision for a hearing, or trial, or criteria for the enforcement of the penalty therein prescribed, and that the commissioner of labor is without power

to impose or exact the penalty therein provided. The penalty imposed by the commissioner of labor, unless voluntarily paid, can only be recovered in the manner provided in the acts, to wit, "in an action of debt brought by the commissioner of labor in the name of the State of New Jersey." Thus the asserted rights of those penalized are fully and amply protected in such a proceeding. Second. The right of petitioner to be compensated did not come into being, if, in fact, it existed, until June 12th, 1932. At that time chapter 280, *Pamph. L.* 1931, *p.* 708, *supra,* (requiring the filing of a petition within two years from the date of the accident), had been in effect since April 27th, 1931. The latter act deprived petitioner of no vested or existing right of action. *Cf. Jackson* v. *Florence Thread Co.,* 12 *N. J. Mis. R.* 774; 175 *Atl. Rep.* 96; *affirmed,* 115 *N. J. L.* 175, 176; 178 *Atl. Rep.* 729; *Tiffany & Co.* v. *Starzmann,* 118 *N. J. L.* 57; 191 *Atl. Rep.* 465.

Mr. Justice Heher, after hearing and considering the points urged, denied the application.

We have carefully considered all points argued and are firmly of the opinion that no fairly debatable question is present.

The writ is denied, with costs.