New Jersey Department of Labor,
Workmen's Compensation Bureau.

SAMUEL SCHOENER, PETITIONER, v. WATSON ELEVATOR
COMPANY, RESPONDENT.

Decided October 11, 1938.

For the petitioner, *Andrew O. Wittreich, John Hanlon* and *William O'Brien*.

For the respondent, *George E. Meredith* and *Walter W. Hubley, Jr.*

A formal petition was filed and served in the above entitled matter praying for compensation because of an accident arising out of and in the course of employment on April 18th, 1924, which formal petition was filed December 17th, 1934. To this formal petition an answer was duly filed by the respondent. A motion for dismissal of the petition was made, by the attorney for respondent, on the grounds that the case was barred by the statute of limitations. I felt that the motion of the attorney for the respondent was meritorious and granted same. Order being signed on June 7th, 1935. An appeal from this order of dismissal was taken by the petitioner and my decision was reversed and the case remanded for a hearing. The decision of this feature of the case is found in *Schoener* v. *Watson Elevator Co.*, 188 *Atl. Rep.* 916.

Trial of the case on its merits was begun on May 14th, 1937, before me.

The formal petition in this case alleged that the petitioner suffered an accident on April 18th, 1924, at which time he suffered an injury to his left great toe, and right great toe as a result of a steel plate and bar striking him on the alleged injured members. The petition further alleges that as a result of this alleged injury in 1924 the petitioner suffered an amputation of both legs in 1931. The respondent denies that the petitioner suffered any accident arising out of and in the course of his employment; that any notice of the alleged accident was furnished the respondent as required by the Workmen's Compensation act; that the petitioner's present condition is in any way related to the alleged accident.

The petitioner, at the first hearing held on this trial, testified in his own behalf and called as a witness one Christopher Bromert, a co-worker with the petitioner at the time of the alleged accident. Following this hearing several hearings were subsequently had, William O'Brien, Esq., appearing for the petitioner and Walter W. Hubley, Jr., appearing for the respondent, and the trial was completed on August 12th, 1938.

The petitioner called as witnesses, in addition to the ones above named, his wife, Dr. Julse Baechler, Dr. Arthur Trewhella, Dr. John Moriarty, Dr. William Hill and Dr. Louis Dodson. The respondent called as its witnesses Alex Nordfelt, foreman, Dr. T. J. Shuck, Dr. Henry Klaus and Dr. Andrew C. Ruoff.

The hospital records of the North Hudson Hospital and St. Mary's Hospital were introduced into evidence.

After careful and lengthy consideration of the case I feel that the petition should be dismissed. I am of the opinion that petitioner did not sustain the burden of proving an accident arising out of and in the course of his employment and that he did not furnish the respondent with any requisite notice of the alleged accident. It clearly appears from the testimony presented that the petitioner did not stop work at the time of the alleged accident for any appreciable length of

time, but rather, as a matter of fact, worked up to the beginning of the year 1931. The petitioner testified that he reported his accident to the foreman, Alex Nordfelt, at the time of the alleged accident. However, it also appears from the testimony that at no time during the many years following the alleged accident, and during a portion of which the petitioner was receiving medical attention, did the petitioner make any further alleged report or claim. The witness called by the petitioner, one Christopher Bromert, testified to the occurrence of the alleged accident and the report to the foreman. The testimony of this witness is most unsatisfactory, it appearing, among other things, that he did not work for the respondent since 1924; that his memory of many other facts is very faulty, and that his recollection of the alleged occurrence is very hazy. The testimony of the respondent's foreman, Mr. Nordfelt, consisted of a denial of any knowledge or report of any accident to the petitioner and further was to the effect that on the date on which the petitioner alleged his accident occurred, the plant of the respondent was not working, same being Good Friday, a holiday.

The doctors, called by the petitioner, with the exception of Dr. Baechler, were called for the purpose of answering a hypothetical question. All of these doctors testified that in their opinion, the petitioner's present condition resulted from the alleged accident in this case.

Dr. Baechler, the petitioner's own treating physician, testified that in 1924 he was treating the petitioner for a diabetic condition; that these treatments were being rendered prior to the alleged accident; that the petitioner had prior to the alleged accident, an ulcerated heel on one of his feet; that he did not treat the case as a compensation case at any time.

Dr. T. J. Shuck and Dr. Henry Klaus, called on behalf of the respondent, were two of the treating or operating physicians in this case. They testified that the petitioner's right leg was removed by operation on May 2d, 1931, and the left leg was removed on October 24th, 1931. They further testified that, in their opinion, there was absolutely no causal

connection between the removal of the petitioner's legs in 1931 and the alleged accident of 1924. Dr. Andrew C. Ruoff, called by the respondent, testified that after careful consideration of the history of the case, perusal of the hospital records and a thorough check on the medical aspects of the matter he could not possibly find any causal connection between the petitioner's present condition and the alleged accident of 1924.

There was some question in this case as to what condition the petitioner was actually suffering from prior to the alleged accident and up to the time of the removal of his legs. Dr. Baechler, the petitioner's treating physician, testified that, in his opinion, the petitioner was suffering from diabetes and that he treated the petitioner for same. The other doctors called by the petitioner, testified in answer to questions propounded by counsel for the petitioner that, in their opinion, the petitioner was not suffering from diabetes but was suffering from endarteritis-obliterans or a circulatory disturbance. However, there was no question in the case but that the petitioner developed gangrene, which condition was the motivating factor back of the removal of his legs. I do not feel that the disputed medical question relative to the petitioner's condition in any way changes the result that must be arrived at in this case. The petitioner was unquestionably suffering from some condition prior to the alleged accident, diagnosed by his treating physician as diabetes and he presented, prior to the alleged accident, an ulceration of at least one of his feet. The petitioner was under medical treatment, prior to the alleged accident in this case, and was also under medical treatment subsequent to same, and, according to the treating physician, did not receive any different treatment during the period of same. The petitioner worked continuously from the time of the accident in 1924 up to the beginning of 1931. The petitioner did not develop any gangrenous condition until the year 1931.

Taking all of the testimony, exhibits and arguments of counsel into careful consideration, I, as hereinabove stated, find that the petitioner has in no way sustained the burden

of proving that he met with an accident arising out of and in the course of employment or proving that his present physical condition is in any way related to the alleged accident of April 18th, 1924, and that report of same was not made within the statutory period, therefore, the petition must be dismissed.

It is, therefore, * * * ordered that the petition filed herein be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*