# RYAN'S CASE.

Piscataquis.　Opinion May 10, 1924.

*An agreement or decree covering a specified injury cannot be held to remove the
limitations contained in Section 39 of the Compensation Act, as to any other
injury, though received from the same accident, except where it is
a result of the injury described in the agreement or decree, as
in the case of amputations.*

The ruling that the filing of an agreement removed the limitations, contained in
Section 39 of the Compensation Act, upon the filing of petitions for compensa-
tion for further incapacity resulting from the same injury, as in the case of
partial following presumed total incapacity, does not apply.

The petition in this case being for an entirely different injury from that described
in the agreement of April 9th, 1920, it must be regarded as an original petition
and barred by Section 39.

On appeal.　On January 29, 1920, petitioner while in the employ
of the Veneer Products Company at Greenville received an injury
by getting his left hand caught in a nailing machine.　On April 9,
1920, an agreement was entered into for compensation based on
total incapacity resulting from a "fractured little finger" from date
of injury to March 7, which was paid.　On February 13, 1923,
claimant filed a petition for compensation for an alleged impairment
of his left hand due to the same accident.　Respondents in their
answer contended that the petitioner had not suffered any permanent
impairment; that more than two years had elapsed since the approval
of the agreement;　and that the petition was not brought within the
period named in the agreement and the petitioner could not make
claim for injury or impairment not mentioned in the agreement.
A hearing was had upon the petition and compensation awarded at
the rate of $12.98 per week for a fifty per cent. permanent impairment
to the left hand, and respondents appealed.　Appeal sustained.
Decree below reversed.　Petition dismissed.

The case is stated in the opinion.

Petitioner appeared without counsel.

*Eben F. Littlefield,* for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J.   On the 29th of January, 1920, the petitioner was injured while in the employ of the respondent, the Veneer Products Company.   He was totally incapacitated from the date of the accident until March 7th, 1920.   On April 9th following, an agreement was entered into to pay him for actual total incapacity resulting from a "fractured little finger" and during the period of his disability, viz.: from January 29th to March 7th, the compensation under this agreement was fully paid.

On March 7th, 1920, the petitioner returned to work and so far as the evidence discloses has worked ever since.

On February 13th, 1923, however, more than three years after the injury occurred, the petitioner filed a petition to determine the extent of an alleged permanent impairment of his left hand by reason of a laceration, or tearing of the hand, and as the evidence discloses, an injury to the tendons of the fingers.   The full Commission after hearing, ordered compensation be paid to him for such permanent impairment under Section 16 of the Act.

The respondent and insurance carrier appealed from the decree of the court based upon alleged findings by the Chairman of the Commission, and contend that since the petition was not filed within the two years' limitation fixed by Section 39 of the Act, the right of the petitioner to further compensation is now barred.

The Commission apparently in its decision followed the ruling of this court in *Gauthier's Case*, 120 Maine, 73; *Morin's Case*, 122 Maine, 343; and *Milton's Case*, 122 Maine, 437; but these cases all related to incapacity resulting from the same injury as that covered by a prior decree, or an agreement filed with the Commission, in which cases this court held that an agreement having once been filed, whether approved or not, or a decree made, the limitations contained in Section 39 did not apply to petitions to determine the incapacity following a specific agreement under Section 16, *Morin's Case*, or the present incapacity in case of an indefinite, or "open end," agreement, *Milton's Case*.

In the instant case, however, the present petition is for an entirely different injury from that described in the agreement filed in April, 1920.   That was for actual incapacity resulting from a "fractured

little finger." The petition now before this court is for presumed incapacity resulting from permanent impairment of the use of the left hand due to tearing or laceration of the hand, or, as the evidence discloses, the laceration of the tendons of the fingers. It is not claimed that the impairment of the use of the hand is in any way due to the fracture of the bone of the little finger which was the injury covered by the agreement of April 7th, 1920.

The petition in this case, therefore, must be treated as an original petition under Section 30, and subject to the limitations of Section 39. *Spencer's Case*, 123 Maine, 46. An agreement or decree covering a specified injury resulting from an accident cannot be held to remove the limitations of Section 39 as to any other injury received from the same accident, but not covered by the prior agreement or decree, except in cases where the injury described in the petition, though differing from that described in the prior agreement or decree, is a result thereof, as in cases of amputations.

> *Appeal sustained.*
> *Decree below reversed.*
> *Petition dismissed.*