## LOWE v. INDUSTRIAL COMMISSION et al.

No. 5645.   Decided October 7, 1935.   (49 P. [2d] 948.)

*B. C. Call*, of Brigham, for plaintiff.

*Joseph Chez*, Atty. Gen., and *Bagley, Judd & Ray, A. H. Nebeker*, and *A. C. Inman*, all of Salt Lake City, for defendants.

MOFFAT, Justice.

This case comes to this court upon certiorari as a result of the denial of compensation to the applicant by the Industrial Commission.   The denial was based upon the ground that the claim was not filed within one year from the date of the alleged accident and injury.   The bar of the statute of limitations (Rev. St. 1933, 104-2-26) having been interposed, applicant sought to show excuse for failure to file

his claim within the required time. That is the only issue herein.

The record discloses that the alleged accident and injury occurred April 22, 1931; that applicant returned to work on April 24, 1931, and worked the usual shift; that he was then absent from work for four or five days; that he returned to work on April 30, 1931, and continued ∎ to work until January 31, 1933; that he filed his application for compensation with the Industrial Commission March 19, 1934.

From the foregoing statements, it is apparent that the commission was right in finding and concluding that the claim was barred because of applicant's failure to file his application for compensation with the commission within one year from the date of the accident and injury. *Rodriquez* v. *Indusrial Commission et al.*, 86 U. 273, 43 P. (2d) 189, and cases and former decisions therein referred to.

At the first hearing held by the Industrial Commission at Ogden, Utah, on March 28, 1934, the only question before the commission was whether or not the one-year statute of limitations had been tolled or waived by any acts or promises on the part of the Southern Pacific Com- ∎ pany, or whether it should be estopped from relying upon the statute. At that hearing the evidence was limited to that question. The commission found that the applicant was not prevented by the acts of the company from filing his claim for compensation within one year from the date of the alleged accident.

Aside from the evidence being in conflict, and the failure to show that any of the things said or done, which were claimed to show any threats or lulling of applicant into a belief of security, were by persons authorized to bind the company, applicant's testimony showed that in 1931 he was notified that the claim agent of the company had reported that nothing could be done for applicant. On May 15, 1934, the commission rendered its first decision and dismissed

applicant's claim for compensation because he had failed to file his application within one year from the date of the injury or show excuse therefor. The applicant was thereafter permitted to file a further supplemental application, and upon a rehearing it was attempted to be proved that the applicant was entitled to avoid the statute of limitations because of alleged mental incompetency arising within a year after the injury of April 22, 1931.

Upon the rehearing, the commission found that for more than a year following April 22, 1931, the applicant was not mentally incompetent. The commission further found that the applicant continued at work with the company for more than twenty months after the accident and alleged injury; that it was nearly three years after the accident, or March 19, 1934, that applicant filed his application.

The record discloses a conflict, and it is not for this court to go into the question as to which side the preponderance of the evidence rests upon. No good purpose could be served by a review of the evidence; both parties have fully reviewed it in their briefs, and we have fully examined the record. The two propositions relied upon to toll the running of the statute were the issues of estoppel and mental incompetency. These were determined by the commission against applicant. We find no ground for disturbing the findings of the commission.

Finding no error, the order of the Industrial Commission dismissing the application is affirmed.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.