In the Matter of the Claim of EMIL BELLET, Respondent, against NIAGARA FRONTIER FOOD TERMINAL, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was carrying an object through a swing door, which swung to as he passed it, and struck him in the shoulder and arm, on May 6, 1935. He felt a pain at the time which continued thereafter, but did not regard the accident as serious, and continued to work for twelve days thereafter. There was evidence that would warrant the Board in concluding that on May nineteenth the claimant called in the doctor, and told him of the accident, and arranged with the doctor to notify the employer; that the doctor notified the office employees of the employer about May twenty-ninth, and that three or four days thereafter the doctor notified the superintendent of claimant's injury. The Board excused the failure to serve notice within the statutory time. The evidence was such as to justify the action of the Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MOLLIE SALAMON, Respondent, against CONTINENTAL BLADE CORP. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award for death benefits. The employer was engaged in the business of manufacturing and selling razor blades and accessories. On November 16, 1934, deceased, while engaged in his regular occupation, and while proceeding to call on customers for his employer, near Evansville, Ind., was assaulted by unknown persons, which assault resulted in his death. The employer was a New York corporation, whose principal place of business is in Brooklyn. The deceased was employed as a salesman and was under the direction and supervision of the Brooklyn office. None of his work was within the State of New York. However, his routes were relayed to him from Brooklyn through a supervisor at Detroit. Deceased was required to send to the Brooklyn office daily and weekly reports and was paid by checks from the Brooklyn office and orders were sent to Brooklyn for approval and goods were shipped from the Brooklyn office. Decedent received his salary and expenses and a sample case from Brooklyn. The appellant argues that there is no testimony that the injuries resulting in the death of the employee arose out of and in the course of his employment. He had possession of his employer's samples and he had been calling upon trade when last seen, and while he worked in territory outside of New York he received his pay and directions and had all of his business relations with the office at Brooklyn. There is ample evidence in the record to sustain the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.