THIBODEAU'S CASE.

Somerset.      Opinion, January 14, 1938.

*Robinson & Richardson,* for appellant.
*Fred E. Thibodeau,* pro se.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

BARNES, J.    This case comes up on appeal from a decree affirming an order of the Industrial Accident Commission awarding compensation.

On April 11, 1935, claimant filed his petition for compensation, alleging injury by accident, which happened "on the 19th day of July, 1934," while he was employed as cloth washer in defendant's woolen mill. Petition states that the causing accident happened while he was reaching into a tank for soap; its result an inguinal hernia. Petitioner also alleges that his employer had due knowledge or notice.

Answer was seasonably filed denying each allegation and setting up specifically, lack of notice or knowledge on the part of the employer as provided by the Workmen's Compensation Act, and was subsequently amended by agreement setting up the statute of limitions.

Certain facts are established by the record. Among them are the following; that a sensation of pain in the lower abdomen, left side of claimant, was felt by him, at intervals from March 13, 1934, to April 3, or 4 following; that he continued in employment, without reporting injury, until the 3rd or 4th of April, 1934; that on one of those April days he presented himself to Dr. Caza, was examined, was told that he was ruptured, and in due season the doctor fitted him with a truss; that he did not then report his condition to his employer, but worked as before until August 14 of that year, when he was totally incapacitated, and, for a time unable to work.

The record is barren of any evidence of accident on July 19, 1934, date of accident in the petition.

It is evident; therefore that the appeal must be sustained for failure of claimant to file his petition and give notice as required by statute.

Notice and petition, given within the time limited by law, are prerequisite to an employee's right to recover compensation for accidental injury, except that, "any time during which the employee is unable by reason of physical or mental incapacity to make said claim or file said petition shall not be included in the periods aforesaid." R. S., Chap. 55, Sec. 32.

The commissioner found as matter of fact that claimant suffered accidental injury on March 13, 1934, "but the employee is allowed the period from that date to August 14, 1934, because relying on the premise his accident had not resulted during that period in any difficulty that would amount to anything, he did not have mental capacity to decide the contrary to be true."

It is unnecessary to attempt a definition of the degree of mental incapacity sufficient to excuse an employee from giving notice of an accident within thirty days after the date thereof, but, from perusal of the record it is clear that the commissioner committed error in law in adjudging the claimant entitled to grace because of "mental incapacity" within the meaning of the statute.

*Appeal sustained.*