Submitted on briefs October 2; affirmed December 12, 1944

# LANDAUER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

## (154 P. (2d) 189)

Before Bailey, Chief Justice, and Belt, Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

*Wm. P. Lord* and *Ben Anderson,* both of Portland, for appellant.

*George Neuner,* Attorney General, and *John K. Crowe* and *Herbert A. Cooke,* Assistant Attorneys General, for respondent.

KELLY, J.

Upon this appeal two questions are presented. One is whether claimant's statement of claim as originally filed with defendant State Industrial Accident Commission, hereinafter designated the commission, and her petition for rehearing are sufficient to justify us in holding that the commission abused its discretion in rejecting said claim because it had not been filed within three months after the accident which is alleged to have caused claimant's injury, one year not having

elapsed after the accident before the commission was called upon to decide whether to permit said claim to be presented.

The other question involves a construction of the statutory provisions prescribing when claims for compensation in nonfatal cases may be presented to defendant commission without invoking the exercise of the discretion of the commission . The claim in suit was not presented to defendant commission within three months after the accident which is alleged to have caused claimant's injury.

We will first discuss the question first mentioned, namely, whether an abuse of discretion has been shown on the part of the commission by reason of its rejection of plaintiff's claim after plaintiff's petition for rehearing was filed.

As the writer views the case of *Wooldridge v. State Industrial Accident Commission,* 164 Or. 410, 98 P. (2d) 1, 102 P. (2d) 717, the question there was whether in the exercise of its discretion, the commission had permitted Wooldridge to file his claim. On rehearing in this court it was held, over the dissent of the writer, that there had been no such permission to file the Wooldridge claim as to interfere with the right of the commission to refuse to consider the claim on its merits because it had not been filed within three months after the accident.

■ In the case at bar, we are bound by the doctrine announced in the Wooldridge case on rehearing. That doctrine very definitely dissipates the thought that by filing a claim after three months have elapsed from the date of accident, a claimant thereby becomes entitled to have his claim heard upon the merits. It is still necessary that the commission be accorded an opportunity in

the exercise of its discretion to determine whether claimant has made a sufficient showing to be entitled to a hearing upon the merits.

For the purpose of this case, it may be stated that the statute provides that no application for compensation under the Workmen's Compensation Law shall be valid or claim thereunder enforceable in nonfatal cases, unless such claim is filed within three months after the date upon which the accident occurred, unless the commission, upon a sufficient showing being made, in its discretion permits the filing of such claim within one year of the time the accident occurred. Vol. 7, O. C. L. A. Section 102-1771, Subdiv. (e), pp. 687, 688.

Upon appeal to the circuit court from the order of the commission denying claimant's petition for rehearing, the instant case was submitted and determined upon the commission's demurrer to plaintiff's complaint. The circuit court in its final order sustained said demurrer, dismissed the cause and entered judgment against plaintiff in favor of defendant for defendant's costs and disbursements.

We learn from plaintiff's complaint, which is our only source of information thereupon, that plaintiff sustained an injury by violent, external and accidental means during the month of December, 1942, and thereafter, on the 4th day of August, 1943, which was more than seven months after the accident, plaintiff filed with defendant a claim setting forth that plaintiff had been injured by being kicked in the breast by a turkey while plaintiff was employed by a contributing employer, and while she was engaged in dressing the turkey.

■ The record fails to disclose any additional showing, after said claim had been filed and before its

original rejection by the commission, in explanation of plaintiff's failure to file her claim within three months after the date upon which the accident occurred. Manifestly, no abuse of discretion appears with respect to the first order of the commission rejecting said claim; because it had not been filed within three months after the accident, unless the term "three months after the accident" may be construed to mean three months after a compensable injury due to the accident first manifests itself.

As an exhibit to plaintiff's complaint, a copy of plaintiff's petition to the commission for a rehearing is attached. This document was not signed by plaintiff in person, but only her name by her attorney. It was not verified by any oath or affirmation.

Its pertinent statement is as follows:

"Claimant was employed by Northwest Poultry & Dairy Products Company in Yamhill County and engaged in dressing turkeys; that during the month of December, 1942, the exact date whereof claimant is not able to specifically state, but the incident is subject to corroboration, claimant was dressing a turkey which was assumedly dead, but said turkey kicked claimant on the right breast causing claimant considerable pain and suffering, but was not of a disabling nature; that a lump formed in claimant's right breast at the place where the claimant was kicked, but still said injury was not disabling nor showed any signs or manifestations of being an injury of any consequence, and claimant continued her employment of dressing turkeys, picking beans and peas and working in the fields until about the 4th of August, when said injury began to manifest itself by way of pain at the situs where claimant had been kicked; that thereupon claimant consulted with a physician and surgeon and it was ascertained that claimant had sustained an injury to the breast

gradually resulting in carcinoma, whereupon and on the 4th day of August, 1943, or thereabouts, claimant filed with the Commission, a claim for compensation * * * * *."

■ It is obvious that only accredited medical experts could adequately support the contention that the kick of a moribund turkey in December produced cancer of the breast during the following August. *Jaume v. Maison Blanche Co.,* (La. App.) 193 So. 905; *Dushane v. Benedict,* 120 U. S. 630, 30 L. Ed. 810, 7 S. Ct. Rep. 696. In the absence of some such corroboration of the unverified petition of claimant, it cannot be said that the commission abused its discretion in denying such petition.

We are not unaware of the embarrassment attendant upon an attempt to establish, even by the most learned members of the medical profession, what causes cancer. This embarrassment is vividly reflected in the opinion of Mr. Justice DeHaven, speaking for the Supreme Court of Tennessee in the case of *McBrayer v. Dixie Mercerizing Co.,* 178 Tenn. 135, 156 S. W. (2d) 408, which was a suit originally instituted by Mrs. Nell Webb and revived after her death by Mrs. Cora McBrayer as the administratrix of Mrs. Webb's estate. After quoting from the testimony of the medical witnesses, Justice DeHaven says:

"The trial judge found that the proof does not establish as a fact that Mrs. Webb died as the result of a cancer caused by her injury. Three medical witnesses introduced by defendant testified that the cause of cancer is purely speculative; that the idea that a blow on the breast could cause cancer had been advanced but never proven to be true. All three of these witnesses agreed with the article by Dr. Ward. Petitioner's witness, Dr. Laws, said that medical science does not know that cancer will

result from certain conditions, or that it results from traumatic conditions, 'Nobody knows that,' he adds. The cause of cancer is, he says, 'purely conjecture'. For this court, in view of the medical proof, to hold that the cancer on Mrs. Webb's breast was caused by the blow she received would rest in pure speculation, conjecture and guess.'' McBrayer v. Dixie Mercerizing Co., supra.

In *Coos Bay Navigation Co. v. Endicott*, 34 Or. 573, 57 P. 61, cited by claimant, the exercise of discretion in setting aside a default judgment was supported by affidavits.

*McLeod v. Scott*, 21 Or. 94, 26 P. 1061, 29 P. 1, upon rehearing, also cited by claimant, affirmed an order of the circuit court dismissing a proceeding in mandamus because the alternative writ was wanting in material allegations to support the proceedings. In the original opinion, which was overruled upon rehearing, because the original opinion took cognizance of the record *aliunde* the alternative writ, it is stated that by use of the word may, instead of the word shall, whereby the statute was amended so that it said that upon a given course being taken the county court may issue a license to an applicant therefor to sell liquor in less quantities than one gallon, the legislature did not vest judicial discretion in the county court that could not be controlled by mandamus.

We think that judicial discretion is expressly vested in the State Industrial Accident Commission to determine whether a showing in a given case is sufficient upon which to base an order permitting a claim for compensation in a nonfatal case to be presented after three months have elapsed since the happening of the accident therein involved in those cases wherein one

year has not elapsed since such accident. If, in the exercise of such discretion, the commission should act arbitrarily or without sufficient reason, its action should be corrected upon appeal; but such abuse of discretion is not shown where in the absence of any verified showing but solely upon an unverified statement to which the signature of claimant is appended by her attorney and in the entire absence of any showing by a person qualified to express an opinion as to whether the alleged kick of a dying turkey had caused a cancer upon claimant's breast, the commission declines to grant claimant permission to file a claim for compensation.

In the case of *Astoria Savings Bank v. Normand,* 125 Or. 347, 267 P. 524, likewise cited by claimant, the denial of an application to set aside a default judgment was reversed and the decree annulled. Defendant's application was supported by the affidavit of his attorney, which contained a statement of facts within the personal knowledge of such attorney together with a statement that defendant had a meritorious defense. The distinction between that case and the case at bar is obvious.

*Ex parte Chase,* 43 Ala. 303, cited by appellant, deals with an application for change of venue in a murder case. The trial judge denied the petition.

We quote from the penultimate paragraph of the opinion:

"The affidavit of the applicant, in this court, shows that the reasons assigned for a change of venue, relied upon in the court below, were sufficient to have justified its allowance. This was also admitted by the counsel for the State in the argument at bar; therefore, it was error to refuse the application below."

In the instant case, as stated, the petition for re-hearing was not verified, and because no supporting affidavits or even certificates of medical witnesses accompanied, we think the showing of appellant was insufficient to support a finding that the commission abused its discretion in not extending the time for the presentation of claimant's petition for compensation.

In *State v. Lewis,* 113 Or. 359, 230 P. 543, 232 P. 1013, the defendant first entered a plea of not guilty upon being charged by an indictment with having committed the crime of rape. Subsequently, he withdrew that plea and entered a plea of guilty and was sentenced to imprisonment in the Oregon State Penitentiary. Treating defendant's motion made after the rendition of the judgment against him as a motion for permission to withdraw his plea of guilty, it was held that despite the affidavits to the effect that defendant was influenced by promises on the part of the district attorney that in case defendant withdrew his plea of not guilty and entered a plea of guilty, the district attorney would recommend that defendant be paroled by the court, which promise was broken, no error was committed by the trial judge in refusing to permit defendant to withdraw his plea of guilty. The facts in this criminal case are widely different from those before us in the instant case, but both cases present the question whether judicial discretion has been abused.

A consideration of the record before us leads to the conclusion that no abuse of discretion on the part of the defendant commission has been shown.

In plaintiff's brief, citations are made to authorities, which we will now review, in support of the argument that a liberal construction of the statute accords to

plaintiff the right to file her claim for compensation without invoking the discretionary authority of the commission, for by such construction the time within which claimants in nonfatal cases may file their claims is shown to be the interval beginning when the compensable injury first manifests itself and extending for three months thereafter. This construction has been given in many cases when the term injury is used in the statute instead of the term accident as now employed in the Oregon statute, although a contrary construction was given in the case of *Lough v. State Industrial Accident Commission,* 104 Or. 313, 207 P. 354.

The Indiana cases of *Farmers Mut. Liability Co. v. Chaplin,* 314 Ind. App. 372, 51 N. E. (2d) 378, 51 N. E. (2d) 896, and *Standard Brands, Inc. v. Moore,* 314 Ind. App. 500, 51 N. E. (2d) 865, construe section 24 of the Indiana Workmen's Compensation Act § 40-1224, Burns' 1940, Replacement, Baldwin's 1934, § 16400, which provides in part as follows:

"The right to compensation under this act shall be forever barred unless within two (2) years after the injury * * * a claim for compensation thereunder shall be filed with the Industrial Board."

In *Farmers' Mut. Liability Co. v. Chaplin,* supra, the above provision of the Indiana statute is thus treated:

"The word 'injury' in this section means compensable disability and does not refer to the date of the accident from which the 'injury' or compensable disability resulted. In re McCaskey, 1917, 65 Ind. App. 349, 117 N. E. 268; Hornbrook-Price Company v. Stewart, 1918, 66 Ind. App. 400, 118 N. E. 315; S. G. Taylor Chain Company et al. v. Marianowski, et al., 1932, 95 Ind. App. 120, 182 N. E.

584; Muehlhausen Spring Company v. Szewczyk, 1937, 104 Ind. App. 161, 8 N. E. 2d 104; Miles Laboratories, Inc., v. Jenks, 1939, 106 Ind. App. 491, 20 N. E. 2d 710. Other jurisdictions, in considering analogous provisions of the Workmen's Compensation Act, have adhered to this view. Exposito v. Marlin-Rockwell Corporation, 96 Conn. 414, 114 ? .92; Associated Indemnity Corp. v. State Industrial Accident Commission et al., 1932, 124 Cal. App. 378, 12 P. 2d 1075; Acme Body Works, et al. v. Industrial Commission of Wisconsin, et al., 1931, 204 Wis. 493, 234 N. W. 756, 236 N. W. 378; Anna D. Burke v. Industrial Commission, 1938, 268 Ill. 554, 15 N. E. 2d 305, 119 A. L. R. 1152.

There have been many sessions of our Legislature since this court first enunciated the foregoing interpretation of the word 'injury', and since the Legislature has not seen fit to change the Act in all these years, it is apparent to us that this interpretation is in accord with the legislative intent.''

As originally enacted by the Oregon legislature, the Workmen's Compensation Law provided that:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the *injury occurred or the right accrued.*" General Laws of Oregon, 1913, Ch. 112, p. 206, § 27, subdiv. (d). (Italics supplied.)

In 1917, an amendment was enacted providing in part as follows:

"No application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three months after the date upon which the injury occurred." General Laws of Oregon, 1917, Ch. 288, § 27, subdiv. (d) p. 559.

In 1925, by amendment, the legislature added the following provision:

\* \* \* "however, the commission upon a sufficient showing being made, may, in its discretion, permit

the filing of a claim in a nonfatal case after such three months' period, but within one year of the time the injury occurred." General Laws of Oregon, 1925, Ch. 133, § 5, subdiv. (d) pp. 189, 201.

By its 1935 amendment, the legislature also provided:

"The commission, upon a sufficient showing being made, may, in its discretion, permit the filing of a claim in a nonfatal case within one year of the time the accident occurred." General Laws of Oregon, 1935, Ch. 139, sec. 1, subdiv. (e), p. 214.

An amendment was also made in 1937, but the provisions last above quoted remain unchanged.

Thus it will be seen that the Oregon legislature amended the act as the Indiana court indicated might be done by the legislature of Indiana.

We quote from the Michigan case of *White v. Morgan & Wright,* 217 Mich. 499, 187 N. W. 257, cited by plaintiff:

"In passing on the provisions of sections 15 and 4 of part of the original act (sections 5445 and 5434, C. L. 1915), this court in numerous cases (among them see Cooke v. Holland Furnace Co. 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552; McMullen v. Gavette Construction Co., 200 Mich. 203, 166 N. W. 1019; Kalucki v. American Car & Foundry Co. 200 Mich. 604, 166 N. W. 1011, L. R. A. 1918F, 860; Dane v. Michigan United Traction Co., 200 Mich. 612, 166 N. W. 1017; Schild v. Pere Marquette R. Co., 200 Mich. 614, 166 N. W. 1018) was constrained to hold that the statute commenced to run with the happening of the accident. In some of the cases we pointed out that, if the statutory provisions worked hardships in particular cases, the remedy was with the Legislature. The Legislature at its 1919 session amended the Compensation

Act in several particulars (Act 64, Public Act 1919), among the amendments being the addition of the following proviso to section 15:

'Provided, however, that in all cases in which the employer has given notice of the injury, or has notice or knowledge of the same within three months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employe, but no such claim shall be valid or effectual for any purpose unless made within two years from the date [that] the accidental personal injury was sustained. * * *'

Manifestly, the purpose of this amendment was to afford relief from the rigor of the statutory limitation of six months in cases where the injury and disability did not develop until after the statutory period expired. * * *''

The California cases cited by plaintiff involve occupational diseases which, by the California court, are treated as injuries. The California statute provides that claims for compensation shall be filed within a specified time after the injury. *Marsh v. Industrial Accident Commission*, 217 Cal. 338, 18 P. (2d) 933, 86 A. L. R. 563; *Continental Casualty Co. v. Industrial Accident Commission*, 11 Cal. App. (2d) 619, 54 P. 753; *Bianco v. Industrial Accident Commission*, 142 P. (2d) 73, 150 P. (2d) 806.

*Fidelity & Casualty Co. v. McKay* (5th C. C. A.) 73 F. (2d) 828, is controlled by the provisions of Article

8307, § 4a Rev. Stats. of Texas of 1925, which provides that—

> "No proceeding for compensation for injury under this law shall be maintained * * * unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same. * * * For good cause, the board may in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

In the opinion, it is stated that the Texas courts have held that the occurrence of the injury does not mean the occurrence of the accident, which results in injury, but refers to the development of the result to the point that a state of facts exists which makes compensation due. To this point *Texas Employers Insurance Association v. Wonderly,* (Tex. Civ. App.) 16 S. W. (2d) 386 and *Texas Employers Insurance Association v. Fricker,* (Tex. Civ. App.) 16 S. W. (2d) 380, are cited.

Two Washington cases are cited by plaintiff: *Stolp v. Dept. of Labor and Industries,* 138 Wash. 685, 245 P. 20 and *Fee v. Dept. of Labor and Industries,* 151 Wash. 337, 275 P. 741. The Washington statute provides that—

> "No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." Rem. Rev. Stat. § 7686, subdiv. (d).

Plaintiff also cites four Nebraska cases. They are *McGuire v. Phelan-Shirley Co.,* 111 Neb. 609, 197 N. W. 615; *Selders v. Cornhusker Oil Co.,* 111 Neb. 300, 196 N. W. 316; *Johansen v. Union Stock Yards Co.,* 99 Neb.

328, 156 N. W. 511, and *Lind v. National Guard,* 144 Neb. 122, 12 N. W. (2d) 652, 150 A. L. R. 1449.

*Lind v. National Guard,* supra, is a comparatively recent case decided by the Supreme Court of Nebraska on January 14, 1944. We find the following statement:

"Section 48-133, Comp. St. 1929, as amended by section 21, ch. 57 of the Laws of 1935, contains the following provision with regard to notice of injury and the filing of claim for compensation.

'No proceedings for compensation for an injury under this article shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same, or in case of the death of the employee, or in event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity;' * * *

"Section 48-138, Comp. St. 1929, setting forth the time within which action may be instituted is the following: 'In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in Section 3680 (48-139) hereof. * * * Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment. In the event of legal disability of an injured employee, said limitation shall not take effect until the expiration of one year from the time of removal of such legal disability.'
* * * *

"It will be observed from an examination of quoted provisions of the statute that there are two

specific limitations upon the right of recovery by action under the Workmen's Compensation Law. The first is the filing of claim by the employee within six months of the injury. The second is the filing of petition with the workmen's compensation court within one year.

"This court in cases where the substantial character of the injury was known at the time has uniformly upheld the literal terms of these two limitations. Kurt v. Sunderland Bros., 124 Neb. 776, 248, N. W. 84; Welton v. Swift & Co., 125 Neb. 455, 250 N. W. 661; Park v. School District, 127 Neb. 767, 257, N. W. 219; Dunlap v. City of Omaha, 131 Neb. 632, 269 N. W. 422; Price v. Burlington Refrigerator Express Co., 131 Neb. 637, 269 N. W. 425. However in a group of cases where it was found that the true character of the injuries was not known at the time and that they were progressive the limitations did not literally apply. Selders v. Cornhusker Oil Co., 111 Neb. 300, 196 N. W. 316; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615; City of Hastings v. Saunders, 114 Neb. 475, 208 N. W. 122; Travelers' Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449; Astuto v. Ray Gould Co., 123 Neb. 138, 242 N. W. 925; Montgomery v. Milldale Farm Live Stock Improvement Co., 124 Neb. 347, 246 N. W. 734. It is clear, however, that under such conditions the limitations of these sections apply to the date of discovery of the true character of the injury."

The foregoing group of Nebraska cases last above cited, support plaintiff's position, but express the minority view in respect to the construction which should be given to a statutory provision prescribing a period within a designated time after the accident wherein a claim should be filed with the commission.

The Louisiana case, cited by plaintiff, is based upon the Employers Liability Act. The Louisiana statute provided that claims for personal injury shall be barred

unless proceedings have been begun within one year after the injury. In a fight on January 9, 1919, plaintiff was struck upon his eye and at sometime after April 23rd, perhaps in the early part of May, 1919, plaintiff lost his left eye completely. The court held that plaintiff's cause of action did not arise until he lost his eye. *Guderian v. Sterling Sugar & Ry. Co.*, 151 La. 59, 91 So. 546.

The Illinois case, cited by plaintiff, herein, is a case where a widow claimed compensation for the death of her husband. The Illinois statute required claims for compensation to be made within one year after the date of the injury. The Illinois court held that the injury to the widow did not occur at the time of the accident, but when her husband died. *Burke v. Industrial Accident Commission*, 368 Ill. 554, 15 N. E. (2d) 305, 19 A. L. R. 1152.

The case last above cited is out of harmony with *Vukovich v. St. Louis Rocky Mountain & Pacific Co.*, 40 N. M. 374, 60 P. (2d) 356; and *Rosell v. State Industrial Accident Commission*, 164 Or. 173, 95 P. 726.

In *Kobilkin v. Pillsbury*, 103 F. (2d) 667, the Federal Circuit Court of Appeals for the Ninth Circuit, a construction was given to section 13(a) of the Longshoreman's and Harbor Worker's Compensation Act, 33 U. S. C. A. § 901, et seq., which provides:

"The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury."

In his opinion in the Kobilkin case Judge Healy says:

"Decisions arising under statutory provisions analogous to those of the federal act generally hold that the date of injury, and not the subsequent

date when incapacity develops, is the one from which the limitation must be reckoned. O'Esau v. E. W. Bliss Co., 188 App. Div. 385, 177 N. Y. S. 203; Williams v. Safety Casualty Co., 129 Tex. 184, 102 S. W. 2d 178; Travelers Ins. Co. v. Burden, 5 Cir. 94 F. 2d 880, 883; Cooke v. Holland Furnace Co., 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E 552; Sandahl v. Department of Labor and Industries, 170 Wash. 380, 16 P. 2d 623; Ehrhart v. Industrial Accident Commission, 172 Cal. 621, 627, 158 P. 193, 195, Ann. Cas. 1917E 465; McLaughlin v. Western Union Telegraph Co. 5 Cir. 17 F. 2d 574; Silva v. Wheeler & Williams Ltd., 32 Hawaii 920.''

Judge Healy might well have added the Oregon case of *Lough v. State Industrial Accident Commission,* 104 Or. 313, 207 P. 354.

In *Whitby v. Armour & Co.,* 114 Kan. 445, 219 P. 253, the pertinent statute provided that:

"Proceedings for recovery of compensation * * * shall not be maintainable * * * unless a claim for compensation has been made within three months after the accident, * * * and the failure to make a claim within the period above specified shall be a bar; Provided, however, That in case of incapacity of an injured employe the limitation herein shall not run during such incapacity."

Eleven months after the accident, claimant went to a hospital. The following year after his discharge from the hospital he did make a claim for compensation, on the theory that such claim would still be in time. The Kansas court held however that the three months time to make a claim for compensation allowed by the statute began to run at the time of the accident, citing *Cooke v. Holland Furnace Co.,* 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E 552.

In *Moody v. State Highway Department,* 56 Idaho 21, 48 P. (2d) 1108, we find the following discussion of the question under consideration:

"The determination of the first contention, which we believe to be decisive, so far as appellant State Highway Department (employer) is concerned, depends upon when the period prescribed by sec. 43-1202, supra (within which claims for compensation must be made and served), commences to run; that is to say, whether that period commences from the date of the accident, or from the date, for example, that a compensable injury first manifests itself. That section reads as follows:

'No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident * * * * .'

That section, prior to 1927, *inter alia* read: 'No proceedings under this chapter for compensation for any injury shall be maintained unless * * * a claim for compensation with respect to such injury shall have been made within one year after the date of the injury' * * * [Comp. St. 1919, Sec. 6243.]

In 1927, the legislature by amendment (Sess. Laws 1927 c. 106 Sec. 9), changed the word 'injury' above italicized, to the word 'accident'.

It will be observed that the legislature, in amending sec. 43-1202, supra, changed one word only. It substituted the word 'accident' for the word 'injury'. The legislature must have had some object in view in making that substitution. We must presume that it did not do so idly and without reason. If the legislature had intended that the commencement of the limitation period, within which claims could be made on employers, should continue to be

from the date of the first manifestation of a compensable injury, and not from the date of the accident, it would not have made the substitution. We have no doubt that when the legislature substituted the word 'accident' for the word 'injury' it intended to change the date from which the time for making claim should commence to run, and to change that date from the first manifestation of compensable injury to the date of the accident. (White v. Louisiana Western Ry. Co. 174 La. 308, 140 So. 486; Maryland Casualty Co. et al. v. Industrial Com. of Utah, 74 Utah 170, 278 Pac. 60; Farmer v. Bieber-Goodman Corp., 118 Conn. 299, 172 A. 95, 71 C. J. sec. 793, p. 1018.''

In *Clark v. Maryland Casualty Co., et al.*, 39 Ga. App. 668, 148 S. E. 286, claimant received an injury to his hand on April 27, 1927, but not considering his injury of any serious consequence made no claim of compensation within twelve months from the date of the injury, the court of appeals in affirming the commission's action in dismissing the claim and the Superior Court's order of affirmance of such dismissal, say:

"The law itself clearly settles the question involved. The Workmen's Compensation Act (Ga. L. 1920 p. 181 § 25; Park's Code Supp. 1926, Sec. 3154 (y); Michie's Code of Georgia 1926 § 3154 (25) declares that the right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless claim is filed with the commission within one year thereafter.''

In *Central Locomotive & Car Works v. Industrial Commission*, 290 Ill. 436, 125 N. E. 369, the Supreme Court of Illinois gave consideration to this question. There claimant received an injury to his eye. No claim

for compensation other than for medical services was made within six months after the accident or within six months after the services of the doctor ceased.

Section 24 of the Illinois Workmen's Compensation Act (Laws, 1913, p. 351) provides that—

"No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased."

The following discussion appears in the opinion of the Illinois court, speaking through Chief Justice Dunn:

"The defendant in error contends that it was impossible for him to make any more specific and definite claim for the loss of the sight of his eye than he did make, before he knew or had reason to believe that the sight would be lost; that the law does not require an impossible thing to be done; that in a case where the injury at first appears slight but afterward develops graver symptom the injury results when the diseased condition culminates, and that a claim made as soon as the loss of the eye was definitely ascertained was within the provisions of the act. Cases have been cited from Massachusetts and Nebraska holding that the time within which notice must be given or claim made runs from the culmination of the injury and not from the physical accident which caused it. (Brown's case, 228 Mass. 31, Johnasen v. Union Stock Yards Co. 99 Neb. 328.) The statutes construed in those cases referred to the injury for determining the time of giving notice or making claim. On the other hand, the Supreme Court of Michigan, whose statutes also provides for notice within a

certain time after the happening of the injury, holds the time to run from date of the accident. (Cooke v. Holland Furniture Co. 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552; Kalucki v. American Car & Foundry Co., 200 Mich. 605, 166 N. W. 1011; Dane v. Michigan United Traction Co., 200 Mich. 612, 166 N. W. 1017. The statute of this state refers to the accident as fixing the date from which the time shall run. Even if the injury may be regarded as occurring only after the effects of the accident have become apparent, we would not be justified, where the express language of the statute requires the claim to be made within six months after the accident, in extending the time to await the development of the injury. The legislature has seen fit to fix the time for making claim for compensation at six months after the accident. By another section of the statute provision is made for reviewing the award and for reestablishing, increasing, diminishing, or ending the compensation if the disability of the employee shall have recurred, increased, diminished or ended. These provisions are within the domain of legislative power, and the court is without authority to modify them. If they operate unjustly the remedy is in the amendment of the law." *Central Locomotive & Car Works v. Industrial Commission,* supra.

Inasmuch as the matter to be decided at this point is one of statutory construction, in considering whether the authorities from our sister states are in point, it becomes necessary to bear in mind the statutory provisions upon which those authorities are based, and to classify those authorities by determining which of them are based upon statutory provisions like ours and which are not. By reason of the amendments enacted from time to time, there are authorities from some jurisdictions, which are directly in point because they are based upon statutes then in effect which were like the

present Oregon statutes, while other authorities from those jurisdictions are not in point, because the statute then effective differs from our present statute.

The line of cleavage is to be found by determining in each case whether the controlling statute initiates the prescriptive period at the time of the accident. This is so because the Oregon statute now in effect provides that a claim for compensation must be presented to the commission within three months after the accident.

In so classifying the authorities, we find those in point from the following named states wherein statutory provisions like those now in effect in Oregon either are, or have been, in force.

Of these states, we find two namely, Nebraska and Louisiana having a statute similar to ours, which construe that statute to mean that a claim for compensation may be presented within the prescribed period after the first known manifestation of a compensable injury.

A list of the states which either now have, or have had, statutory provisions like the one now in effect in Oregon, is as follows:

Alabama, California, Connecticut, Delaware, Georgia, Idaho, Illinois, Kansas, Kentucky, Maine, Montana, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Tennessee and Virginia.

With the exception of Nebraska, the courts of the above named states construe their respective statutes as limiting the period within which proceedings to enforce a claim against the commission to the specified time after the accident.

To reflect the result of the consideration given by the courts to statutory provisions similar to the present provision of the Oregon statute, the writer submits the following citation to the statutes and cases from the following named states:

Alabama:

Code, 1923, sections 7543-7597; *Edwards v. Doster-Northington Drug Co.*, 214 Ala. 640, 108 So. 862.

California:

Section 16 of the Workmen's Compensation Act (1913 Statutes and amendments to the Codes, Ch. 176, p. 279 at 287, Section 16, (1)) established the general limitation to six months from the time of the accident as the period within which a claimant should present his claim to the Industrial Accident Commission.

A claim for the result of the accident was held to be barred. Compensation had been awarded for a different injury upon a claim presented within the prescribed period. *Ehrhart v. Industrial Accident Commission*, 172 Cal. 621, 158 P. 193, Ann. Cas. 1917E, 465.

At its 1917 session, the California legislature repealed the foregoing section 16 and enacted a statute providing that proceedings upon such a claim must be commenced within six months from the date of the injury. 1917 Statutes and Amendments, ch. 586, sec. 11 (1) p. 841, Statute, 1931, p. 2372.

The following cases are based on the phraseology of the later statute: *Associated Indemnity Corporation v. State Ind. Acci. Comm.* 124 Cal. App. 378, 12 P. (2d) 1075; *Marsh v. Ind. Acci. Comm.* 217 Cal. 338, 18 P. (2d) 933, 86 A. L. R. 563; Cal. Stat. 1917, p. 841; *Continental Casualty Co. v. Ind. Acci. Comm.* 11 Cal. App. 619, 54 P. (2d) 753, Stat. 1931, p. 2372, section 11.

Connecticut:

*Simmons v. Holcomb,* 98 Conn. 770, 120 A. 510; *Gavigan v. Visiting Nurses Ass'n.* 125 Conn. 290, 4 A. (2d) 923; decided under amendment substituting term "accident" for "injury". Gen. Stats. sec. 5245, amended Cum. Sup. 1937, § 1613c, 1937 Sup., § 799d; *Rossi v. Thomas F. Jackson Co.,* 120 Conn. 456, 460, 181 A. 539; decided under "injury" statute; *Esposito v. Marlin-Rockwell Corp.,* 96 Conn. 414, 114 A. 92; decided under "injury", Statute Conn. Pub. Acts 1913, chap. 138, sec. 21.

Delaware:

29 Del. Laws, ch. 233, § 115, (1917 Leg. Session); 35 Del. Laws, ch. 192, § 2, section 6092, Rev. Code of Del. 1935.

Georgia:

St. of Lim. Code, 1933, §§ 114-102, 114-305, 114-709; *Thomas v. Lumbermen's Mut. Casualty Co.,* 57 Ga. App. 434, 195 S. E. 894; *Attaway v. First Nat. Bank,* 49 Ga. App. 270, 175 S. E. 258; *Folsom v. American Mut. Liability Ins. Co.* 48 Ga. App. 831, 173 S. E. 878; *Porter v. Liberty Mut. Ins. Co.,* 46 Ga. App. 86, 166 S. E. 675; *Clark v. Maryland Casualty Co.,* 39 Ga. App. 668, 148 S. E. 286; Georgia Law, 1920, p. 181, sec. 25, 12 Park's Code Sup. 1926, sec. 3154(y), Michies Code 1926, sec. 3154 (25); *Williams v. Campbell Const. Co.* 63 Ga. App. 381, 11 S. E. (2d) 233; *McCormick v. Kitchens,* 59 Ga. App. 376, 1 S. E. (2d) 57; *Welchel v. American Mut. Liability Ins. Co.* 54 Ga. App. 511, 188 S. E. 357.

Idaho:

Section 43-1202, I. C. A. as amended by Session Laws, 1927, Ch. 106, Sec. 9; *Moody v. State Highway Dept.,* 56 Idaho 21, 48 P. (2d) 1108.

Illinois:

Section 24 of Workmen's Compensation Act, provides:

"No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident. * * *" Laws 1913, p. 351; Cahill's Stat. 1925, p. 1190; Smith's Stat. 1925, p. 2192.

*City of Rochelle v. Ind. Comm.* 332 Ill. 386, 163 N. E. 789; *Chicago Circular Adv. Service v. Ind. Comm.* 332 Ill. 156, 163 N. E. 408; *Northwestern Malt & Grain Co. v. Ind. Comm.*, 313 Ill. 534, 145 N. E. 89; *American Glyco Metal Co. v. Ind. Comm.* 306 Ill. 421, 138 N. E. 176; *Inland Rubber Co. v. Ind. Comm.*, 309 Ill. 43, 140 N. E. 26; *Ideal Fuel Co. v. Ind. Comm.* 298 Ill. 463, 131 N. E. 649; *Moustgaard v. Ind. Comm.*, 287 Ill. 156, 122 N. E. 49; *Bushnell v. Ind. Board*, 276 Ill. 262, 114 N. E. 496; *Haiselden v. Ind. Board*, 275 Ill. 114, 113 N. E. 877.

Kansas:

Gen. Stat. 1915, §§ 5896–5942; *Pittman v. Glencliff Dairy Products Co.*, 154 Kan. 516, 119 P. 470, 144 A. L. R. 600; *Skinner v. Dunn Mercantile Co.*, 132 Kan. 559, 296 P. 341; *Walz v. Missouri Pac. R. Co.*, 130 Kan. 203, 285 P. 595; *Long v. Watts,* 129 Kan. 489, 283 P. 654; *Rogers v. Joplin & P. Ry. Co.*, 115 Kan. 815, 225 P. 108; *Whitby v. Armour & Co.*, 114 Kan. 445, 219 P. 253; *Smith v. Solvay, Process Co.*, 100 Kan. 40, 163 P. 645.

Maine:

Rev. Stat. 1930, ch. 55, section 32; *Thibodeau's Case,* 135 Me. 312, 196 A. 87; *The Garbouska Case,* 124 Me. 404, 130 A. 180; *Ryan's Case,* 123 Me. 527, 124 A. 322.

Montana:

Montana Revised Codes, Sec. 2899, amended by Laws, 1935, Ch. 34, section 1; *Chisholm v. Vocational*

*School for Girls,* 103 Mont. 503, 64 P. (2d) 838, recognizes rule but holds that the filing of a non-verified claim constitutes a sufficient presentation of claim. *Chmielewska v. Butte & Superior Mining Co.,* 81 Mont. 36, 261 P. 616. (Death case.)

New Hampshire:

Laws, 1911, Ch. 163; *Brown v. Conway Electric Light and Power Co.,* 82 N. H. 78, 129 A. 633.

New Jersey:

*Mahoney v. City of Paterson,* 15 N. J. Misc. 557, 193 A. 544; Comp. St. Supp. 1924, sec. * * * 236-99; N. J. St. Annual, 1931, Sec. * * * 236-46, Sec. * * * 236-99. Widow's failure to file death claim within two years from date of accident.

New York:

*Twonko v. Rome Brass & Copper Co.,* 224 N. Y. 263, 120 N. E. 638, reversing 170 N. Y. S. 682, 183 App. Div. 292; *Degaglio v. Bradley Contracting Co.,* 171 N. Y. S. 679, 184 App. Div. 243; Workmen's Comp. Law, Sec. 28, 1913; *Duquette v. General Electric Co.,* 257 App. Div. 881, 11 N. Y. S. (2d) 999, *Matter of Lissow v. Mabbett Motors, Inc.,* 279 N. Y. 585, 17 N. E. (2d) 450; *Bellett v. Niagara Frontier Food Terminal,* 290 N. Y. S. 263, 248 App. Div. 928; Workmen's Compensation Law, 1913, ch. 816, sec. 28, as amended by L. 1918, ch. 634; L. 1922, ch. 615; L. 1925, ch. 658, L. 1928, ch. 754; and L. 1930, ch. 316.

North Carolina:

Pub. Laws, 1929, ch. 120, §§ 22, 23 and 24, as amended by Pub. Laws, 1933, ch. 449, sec. 2; *Lilly v. Belk Bros.,* 210 N. C. 735, 188 S. E. 319.

Pennsylvania:

Section 410 of the Workmen's Compensation Act of June 2, 1915; P. L. 736—as amended April 13, 1927; P. L. 186, 77 P. S. Sec. 751; *Cosenza v. General Baking Co.,* 147 Pa. Super. 591, 24 A. (2d) 735, *Pesotine v. Anthracite Coal Co.,* 36 Luz. L. Rep. 303, *Hopkins v. Turan,* 43 Pa. Dist. & Co. R. 532.

South Carolina:

Code, 1942, §§ 7035–27 (1); *Edge v. Duncan Mills, et al.,* 202 S. C. 189, 24 S. E. (2d) 268.

Tennessee:

*McBrayer v. Dixie Mercerizing Co., et al.* 178 Tenn. 135, 156 S. W. (2d) 408; 176 Tenn. 560, 144 S. W. (2d) 764.

Failure to discover cancerous condition of breast as a result of a large spool of yarn falling and striking claimant upon the right breast provided a reasonable excuse for failure to give employer written notice within thirty days after the accident where written notice was given within thirty days of the discovery of the injury caused by the accident.

Further, held that subsection of Workmen's Compensation Act extending time for bringing actions or proceedings to recover compensation in cases of physical or mental incapacity other than minority of the injured person or his dependents for one year from date when such incapacity ceases, is an exception to sections of act providing that right to compensation shall be forever barred unless notice is given and claim made within one year after accident.

Referring to *Graham v. J. W. Wells Brick Co.,* 150 Tenn. 660, 266 S. W. 770, and *Franse v. Knox Porcelain*

*Corp.* 171 Tenn. 49, 100 S. W. (2d) 647, held in *Mc-Brayer v. Dixie Mercerizing Co.,* supra:

> "In neither of the above cases does it appear that the petitioner averred that he was physically or mentally incapacitated to assert his rights by suit within one year of his injuries."

The Oregon Statute provides:

> " \* \* \* If a workman, as a result of an accidental injury, has been rendered mentally incapable of filing a claim, a claim may be filed by the workman within sixty (60) days after the removal of such mental incapacity or during such incapacity on behalf of the workman by his parent, spouse, guardian, employer or physician." (Subdiv. (E) sec. 102-1771, p. 688, Vol. 7, O. C. L. A.)

(No extension of time is allowed by the Oregon statute for filing a claim because of physical incapacity.)

Virginia:

In Virginia, appeals from the awards of its Industrial Commission may be taken only by permission of the appellate court, or a judge thereof. Section 61, Virginia Workmen's Compensation Law; Act of Assembly, 1922, p. 741, 743; 1924, p. 478, 484; 1926, p. 7, 13; 1928, p. 734; also Virginia Code, 1942, Section 6348, p. 2526. We do not have access to the opinions of the Virginia Industrial Commission cited to the point under discussion in Schneider's Workmen's Compensation Statutes from which applications to appeal were denied; but a number of such cases are there cited. Vol. 4, *Ibid,* p. 3956.

Nebraska:

As stated, Nebraska construes its statutory provision limiting the time for filing a claim to one year

after the accident to mean one year after the time when a compensable injury manifests itself as the result of an accident.

Louisiana:

Louisiana enacted its original compensation law in 1914, being Act No. 20. The first amendment thereto was enacted in 1926, being Act 85, and the second amendment was passed in 1934, being Act. No. 29.

The following two Louisiana cases construe the original act which provided that claims would be barred unless proceedings were begun within one year after the injury. *Jones v. General A. F. & L. Assurance Corp.,* 1 La. App. 88; *Bagg v. Pickering Lumber Co.,* 7 La. App. 63.

The act, as amended in 1926 to provide that claims would be barred unless proceedings were begun within one year after the accident, was construed in *Trichell v. Stovall Drilling Co.,* (La. App.) 150 So. 869, wherein it was held that the one year prescription in compensation cases runs from the occurrence of the accident, not from the time that the employee became aware of the injury resulting therefrom. Citing *Carroll v. International Paper Co.,* 175 La. 315, 143 So. 275, and *White v. Louisiana Western R. Co.,* 174 La. 308, 104 So. 486.

*West v. Industrial Lumber Co.,* 14 La. App. 224, 128 So. 678, holds that the prescription began from the time knowledge of the injury was possessed by the employee. Rehearing refused August 7, 1930.

*Thompson v. Tarver,* decided July 14, 1931, 17 La. App. 230, 135 So. 723, cites and follows *West v. Industrial Lumber Co.,* supra.

*Anderson v. Champagne,* decided June 1, 1942, (La. App.) 8 So. (2d) 373, construes the amendment of 1934, which provides that, where the injury does not result at the time of the accident or develop immediately thereafter, the prescription shall not take effect until one year after the injury develops, but in all such cases the claim for compensation shall be forever barred unless proceedings have been begun within two years from the date of the accident.

Speaking through Judge Dore, the Louisiana court say:

"It is apparent that under the law as it now stands, and as it existed at the time of filing this suit, the prescription of one year begins to run from the date of the accident if the injury develops at the time of the accident or immediately thereafter, but where the injury develops after the accident the prescription of one year begins to run from the time the injury manifests itself, but in no event can the suit be brought more than two years from the date of the accident." Anderson v. Champagne, supra.

It will be noted that there is authority from the Louisiana court for both constructions, but, from the 1934 amendment and its construction given by the court, it also may be noted that the legislature of Louisiana and its Court of Appeals recognize the distinction between a prescriptive period beginning upon the occurrence of an accident and that which does not begin until a compensable injury resulting therefrom manifests itself.

Two states, Kentucky and Utah, have Workmen's Compensation Acts in which there is no express statutory provision specifying when the time limited for filing a claim shall begin.

Kentucky:

The Court of Appeals of Kentucky have a dual line of opinions. That court attributes this duality to a misconception of the doctrine announced in the cases of *Wilburn v. Automobile Exchange Co.* 198 Ky. 29, 247 S. W. 1109; *Scott v. Tobacco Co. v. Cooper,* 258 Ky. 795, 81 S. W. (2d) 588.

As stated in the Scott Tobacco Company case, the Kentucky court, in the following cases construed section 4914 of the Kentucky compensation statute as fixing a limitation of one year *from the happening of the accident* for the filing of a claim before the Compensation Board by an injured employee, and that such an application, if made after the expiration of that time, should be disallowed because filed too late, unless there was some legal excuse for the delay: *Ashland Iron & Mining Co. v. Fowler,* 208 Ky. 422, 271 S. W. 589; *J. R. Kirk et al. v. Sullivan,* 213 Ky. 154, 280 S. W. 925; *Johnson v. J. P. Taylor Co.,* 211 Ky. 821, 278 S. W. 169; *Carnahan Oil and Refining Co. v. Miller,* 232 Ky. 78, 22 S. W. (2d) 430; *Hill v. Consolidated Coal Co.,* 232 Ky. 641, 24 S. W. (2d) 261; *McIntosh v. John P. Gorman Coal Co.,* 253 Ky. 160, 161, 69 S. W. (2d) 7.

In the Scott Tobacco Company case it is held that the Kentucky Workmen's Compensation statute nowhere prescribes a definite period of limitation within which an employee, entitled to its benefits, may make an application to the Compensation Board for an adjusted award. No limitation being fixed by the compensation statute, the Kentucky court applied by analogy the one year limitation statute with reference to court actions for negligently inflicted injuries. (Section 2516, Ky. Sts.)

The limitation thus applied in the Scott Tobacco Company case was likewise adopted in the later case of *Browning et al. v. Ford Motor Co.*, 287 Ky. 261, 152 S. W. (2d) 976.

Utah:

By analogy, the general statute of limitation is also applied by the Utah court. *Salt Lake City v. Ind. Comm.* 93 Utah 510, 74 P. (2d) 657, overruled six former Utah cases cited in footnote, 74 P. (2d) 657. See *Lowe v. Ind. Comm.* 87 Utah 413, 49 P. (2d) 948; *Rodriquez v. Ind. Comm.* 86 Utah 273, 43 P. (2d) 189; *Utah Idaho Cent. R. Co. v. Ind. Comm.* 84 Utah 364, 35 P. (2d) 842, 94 A. L. R. 1423; *Aetna Life Ins. Co. v. Ind. Comm.* 66 Utah 235, 241 P. 223; *Utah Consol. Mining Co. v. Ind. Comm.* 57 Utah 279, 194 P. 657, 16 A. L. R. 458.

The following named states provide that a claim for compensation must be filed within a specified period after the injury. The volume and pages noted below are those of Schneider, Workmen's Compensation Statutes, (Permanent Edition):

| Arizona | Vol. 1 | p. 128 | Sec. 1447 |
| Arkansas | Vol. 1 | p. 185 | Sec. 18 |
| Colorado | Vol. 1 | pp. 353, 354 | Sec. 84 |
| Florida | Vol. 1 | p. 549 | Sec. 19 |
| Indiana | Vol. 2 | p. 1005 | Sec. 24 |
| Iowa | Vol. 2 | p. 1119 | Sec. 1386 |

*Otis v. Parrott* (Iowa) 8 N. W. 2d 708, construes Iowa Code 1939, Sec. 1386 which requires commencement of original proceeding for compensation within two years from the date of the injury causing such death or disability and holds that such statutory provision manifests an intention to set a definite limitation to the period within which

compensation proceedings may be commenced without reference to the exigencies which arise from a trivial injury which later causes a compensable injury, and under the statute it is a causal injury that is the starting date for the limitation period.

| Maryland | Vol. 2 | pp. 1436, 1437 | Sec. 39 |
| Massachusetts | Vol. 2 | p. 1507 | Sec. 41 |
| Michigan | Vol. 2 | p. 1578 | Sec. 8431 |
| Minnesota | Vol. 3 | p. 1710 | Sec. 4282 |

(Within two years after employee has made report of injury, but not to exceed six years from date of accident.)

| Missouri | Vol. 3 | pp. 1942, 1943 | Sec. 3337 |
| Nevada | Vol. 3 | p. 2248 | Sec. 34 (d) |
| New Mexico | Vol. 3 | pp. 2362–2366 | Sec. 13 |

(Provides for filing in office of District Court a claim not later than one year after refusal or failure of employer to pay same. Employee must give notice to employer of such accident and of such injury within 30 days after the occurrence thereof unless employer, superintendent, foreman or other agent in charge of the work in connection with [which] such injury occurred had actual knowledge of the occurrence thereof.)

North Dakota Vol. 4 pp. 2927–2928 Sec. 15

(Within 60 days after injury or death. For any reasonable cause shown bureau may allow claims to be made at any time within one year.)

| Ohio | Vol. 4 | p. 3057 | Sec. 3496–11 |
| Oklahoma | Vol. 4 | p. 3139 | Sec. 43–13367 |
| Rhode Island | Vol. 4 | p. 3412 | Sec. 17 |
| South Dakota | Vol. 4 | p. 3593 | Sec. 64.0611 |
| Texas | Vol. 4 | p. 3682 | Sec. 4a |
| Vermont | Vol. 4 | p. 3859 | Sec. 6535 |
| Washington | Vol. 4 | pp. 4119–20 | Sec. 7686 (d) |
| West Virginia | Vol. 4 | p. 4199 | Sec. 15 |

| Wisconsin | Vol. 4 | p. | 4237, 4238 | Sec. 102.12 |
|-----------|--------|-----|------------|-------------|
| Wyoming | Vol. 4 | p. | 4352 | Sec. 124–112 |

(Second sentence
in last paragraph)

As we understand the authorities, cited by plaintiff, in support of the construction she seeks to have given to the prescriptive statutory provision in question, only those from Nebraska are based upon a statutory provision like the Oregon statute. The Nebraska cases are out of harmony with our former decisions and are but infrequently followed in other jurisdictions having or having had statutes similar to ours. The weight of authority, and, we think, the better reasoning are contrary to the Nebraska construction. For that reason, we cannot adopt it.

■ The character of claimant's affliction, as reflected by her complaint, is such as to cause us to sympathize with her. Because of this grievous affliction, we have made the foregoing review of authorities. We cannot, however, be governed by our sympathy to the extent of disregarding the mandates of the law. In this case those mandates are that plaintiff should have filed her claim within three months after the accident in December, 1942, or if her condition did not then indicate that her injury was compensable, she should have made a showing under oath including not only her own duly verified statement, but an affidavit, or at least a certificate, by a qualified physician from which a finding would be warranted that there was a causal connection between the accident and the development of carcinoma upon her breast. Plaintiff has failed to do this, and therefore we have no other recourse than to affirm the judgment of the circuit court.